TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ................., ss

[seal]

No. 04-1674-A

Doreen Scolastico ................., Plaintiff(s)

v.

Reading Housing Authority Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ....Jane K. Alper........................................

................................................. plaintiff's attorney, whose address is ..11 Beacon St., Suite 925

..Boston, MA 02108........................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..Cambridge...............

................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........Cambridge, MA..............................................

the ............22nd................................ day of ......April.....................................................

...................., in the year of our Lord .....2004............................... .

*Edward J. Sullivan*

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) This is the Docket NO. | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S)  Doreen Scolastico | DEFENDANT(S)  Reading Housing Authority |
|---|---|
| This is the place for the Plaintiff's Name | This is the place for the Defendant's Name |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if Known) |
|---|---|
| Attorney, Firm Name, Address, and Telephone Name Here Jane K. Alper, DLC, 11 Beacon St., #925, Board of Bar Overseers number: Boston, MA 02108, #016140        617-723-8455 | Carrie J. Campion Posternak, Blankstein & Lund, LLP 800 Boylston St., Boston , MA 02199-8004 |

Original code and track designation

Place an x in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X
- ☐ 5. F05 Reactivated after rescript; relief from judgement/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. E99-Action in   TYPE OF ACTION (specify) TRACK   x   IS THIS A JURY CASE?

nature of certiorari

( )       (X ) YES     ( ) NO

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:

1. Total hospital expenses — $ _____
2. Total Doctor expenses — $ _____
3. Total chiropractic expenses — $ _____
4. Total physical therapy expenses — $ _____
5. Total other expenses (describe) — $ _____

Subtotal  $ _____

B.  Documented lost wages and compensation to date — $ _____
C.  Documented property damages to date — $ _____
D.  Reasonably anticipated future medical and hospital expenses — $ _____
E.  Reasonably anticipated lost wages — $ _____
F.  Other documented items of damages (describe) — $ _____

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ _____

TOTAL   $ _____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL   $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jane Alper_      DATE: 4-20-04

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-1674A

DOREEN SCOLASTICO,  )
          Plaintiff,  )
            )
v.  )
            )
READING HOUSING AUTHORITY,  )
          Defendant,  )

## AMENDED VERIFIED COMPLAINT

### INTRODUCTION

1.  This is an action in the nature of certiorari pursuant to M.G.L. c. 249 § 4; under the Federal Fair Housing Law, 42 U.S.C. § 3604(f)(3)(B); and under 42 U.S.C. § 1983. Plaintiff Doreen Scolastico seeks relief from a decision by the Reading Housing Authority (the RHA) terminating her Section 8 housing voucher and thereby exposing her to imminent homelessness.

2.  Ms. Scolastico alleges that the RHA's decision was not supported by substantial evidence, was arbitrary and capricious, was based on a proceeding that denied her due process of law, and failed to consider mitigating measures relating to her disability as required by the Fair Housing Act and the regulations governing the Section 8 program.

3.  Ms. Scolastico seeks immediate injunctive relief to restore her Section 8 voucher. Without restoration of the voucher, Ms. Scolastico will suffer irreparable harm as she cannot pay the full rent on her apartment without her subsidy and may soon become homeless.

<u>JURISDICTION</u>

4.   This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 249 § 4, c. 212 § 4, and c. 214 § 5.

5.   Venue is properly situated in this Court pursuant to M.G.L. c. 223 § 1 and c. 214 § 5.

<u>PARTIES</u>

6.   Ms. Scolastico resides at 2221 Avalon Drive, Wilmington, MA with her 15-year-old son, David.

7.   Defendant Reading Housing Authority has a usual place of business at 22 Frank D. Tanner Drive, Reading, MA.   Defendant is a public agency charged by the U.S. Department of Housing and Urban Development with administration of the Section 8 Tenant-Based Assistance Housing Choice Voucher Program, 24 C.F.R. Part 982.1 *et seq.*

<u>STATEMENT OF FACTS</u>

8.   Ms. Scolastico is a person with disabilities as defined by the Fair Housing Act and HUD regulations in that she has bipolar disorder inadequately controlled by medication that substantially limits her ability to concentrate and to work.   Since about 1999 she has received Social Security Disability and Supplemental Security Income benefits from the government as a result of her condition.

9.   Because her income has been insufficient to support Ms. Scolastico and her son, she received a Section 8 Housing Voucher from the RHA in about 1992.

10.   The Section 8 program was established by the United States Housing Act of 1937, as amended by 42 U.S.C. §§ 1401 *et seq.*  Under this program, tenants live in private

2

housing and pay a portion of the contract rent based on household income. The remaining rent is paid by the federal government.

11. Ms. Scolastico has lived at her current address since about 2000.

12. During periods when the symptoms of Ms. Scolastico's disability prevented her from caring for her son, David, he stayed with her parents who live in the same town. In June, 2003, Ms. Scolastico's parents applied for temporary custody of David. In about November 2003, they obtained permanent custody of David.

13. During that same period of time, David continued to live with Ms. Scolastico on weekends and one additional night every week. Most of his belongings, including his furniture and most of his clothing, remained in Ms. Scolastico's apartment.

14. In about November 2003 Ms. Scolastico signed annual recertification documents pursuant to the Section 8 program. In signing these documents, she indicated that David was still residing in the apartment. She did not intend to deceive the RHA but still considered her apartment David's permanent home and always intended that he would return to live with her full time.

15. In early March 2004 David returned to live with Ms. Scolastico on a full time basis.

16. In early February 2004 the Reading Housing Authority notified Ms. Scolastico that they were terminating her Section 8 subsidy because she had falsely indicated on the recertification documents that David was still living in her apartment and because two unauthorized individuals had at various times lived in her apartment.

17. Ms. Scolastico appealed the RHA's decision. A hearing on her appeal was held on February 13, 2004. At the hearing, Ms. Scolastico explained that her son continued to

3

live in the apartment on a part-time basis and that she intended to have him return

permanently when her condition improved. She also testified that no unauthorized person

had ever lived in the apartment except for occasional visits. The RHA offered no proof

other than unreliable hearsay statements that unauthorized persons had ever lived in the

apartment. At the hearing, Ms. Scolastico produced a letter from her psychiatrist and

therapist describing her disability and the deleterious effect that loss of her housing would

have on her.

18.    By letter dated February 20, 2004, the RHA denied the appeal.

19.    Ms. Scolastico's Section 8 voucher terminated on about February 28, 2004.

20.    The market rent for Ms. Scolastico's apartment is $1,245.00 per month. The monthly

rent she paid under the Section 8 program was about $220.00. Ms. Scolastico's total

monthly income is $687.00.

21.    Ms. Scolastico borrowed money to pay her March rent. However, she has been unable to

pay the April rent.

22.    On April 12, 2004 Ms. Scolastico was served with a 14-day notice to quit for non-

payment of rent.

FIRST CLAIM FOR RELIEF:
THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN DEFENDANT'S
BURDEN OF PROOF

23.    Ms. Scolastico restates the allegations contained in paragraphs 1 through 22.

24.    The decision of the RHA contains errors of law and is not supported by a preponderance

of the evidence and therefore violates federal law. Specifically, the decision found that

4

Ms. Scolastico's son was not residing in the unit, although in fact he continued to reside there part of the time and continued to consider it his permanent home. It also found that unauthorized persons were living or had lived in her apartment despite lack of any reliable proof.

25.    Moreover, the decision violates HUD regulations concerning termination of assistance under the Section 8 program.. 24 C.F.R. § 982.552(c)(2)(i) directs the housing authority to:

> Consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, *mitigating circumstances related to the disability of a family member*, and the effects of the denial or termination of assistance on other family members who were not involved in the action or failure.

(Emphasis added.)  In this case, Ms. Scolastico relinquished custody of her son and allowed him to reside with her parents part of the time for reasons directly related to her disability. The RHA failed to consider the mitigating circumstances surrounding the change in living arrangements. Finally, loss of her housing subsidy threatens not only Ms. Scolastico's housing but that of her minor son who now lives with his mother full-time.

26.    Moreover, 24 C.F.R. § 982.552(c)(2)(iv) provides that:

> If the family includes a person with disabilities, the PHA decision concerning such action is subject to consideration of reasonable accommodation in accordance with part 8 of this title.

Although the RHA was on notice that Ms. Scolastico had a disability and that loss of her housing would adversely affect her mental condition, it did not make or consider making a reasonable accommodation. Ms. Scolastico has been injured by the RHA's actions.

5

27.    Under M.G.L. c. 249 § 4, this Court is authorized to correct errors in proceedings

resulting in the termination of Ms. Scolastico's Section 8 subsidy, as the RHA's decision

is not otherwise reviewable by motion or appeal.

SECOND CLAIM FOR RELIEF:
VIOLATION OF FEDERAL FAIR HOUSING LAW

28.    Ms. Scolastico restates the allegations contained in paragraphs 1 through 27.

29.    The RHA failed to make reasonable accommodations to Ms. Scolastico's disability by

considering mitigating factors in deciding whether to terminate her housing subsidy.

30.    The RHA has violated the federal Fair Housing Act, 42 U.S.C. § 3604(f)(2) and (3)(B)

by refusing "to make reasonable accommodations in rules, policies, practices, or services,

when such accommodations may be necessary to afford such person equal opportunity to

use and enjoy a dwelling."

31.    Ms. Scolastico has been injured as a direct result of the RHA's actions.

THIRD CLAIM FOR RELIEF:
VIOLATION OF DUE PROCESS REQUIREMENTS
OF 42 U.S.C. § 1983.

32.    Ms. Scolastico restates the allegations contained in paragraphs 1 through 31.

33.    The RHA's actions and failures to act in the proceedings culminated in a decision that

deprived Ms. Scolastico of a property interest without due process of law in violation of

42 U.S.C. § 1983.

34.    The RHA failed to meet minimum due process requirements by:

    (a)    introducing and relying on undocumented hearsay statements that were inherently

    unreliable;

6

(b)    disregarding evidence offered by Ms. Scolastico concerning her disability, the temporary nature of her son's living arrangement, and the falsity of allegations concerning unauthorized occupants;

(c)    depriving Ms. Scolastico of the opportunity to present an effective defense;

(e)    failing to base its decision on a preponderance of the evidence;

(f)    failing to make reasonable accommodations to Ms. Scolastico's disability; and

(g)    arbitrarily and capriciously weighing the evidence and rendering its decision.

35.    Ms. Scolastico has been injured the RHA's violation of her due process rights.

## PRAYERS FOR RELIEF

WHEREFORE, Ms. Scolastico respectfully requests that this Court:

1.    Accept jurisdiction over this action;

2.    Reverse the decision of the RHA decision terminating Ms. Scolastico's housing subsidy;

3.    Issue a preliminary and permanent injunction ordering the RHA to reinstate Ms. Scolastico's Section 8 subsidy and pay the subsidized portion of Ms. Scolastico's rent beginning on April 1, 2004;

4.    Reimburse Ms. Scolastico for the sum she was forced to borrow to pay her March rent;

5.    Compensate Ms. Scolastico for the severe emotional distress caused her by the Defendant's actions;

6.    Award Ms. Scolastico costs and reasonable attorneys' fees; and

7.    Award such other relief as is just.

DOREEN SCOLASTICO

By her attorney,

Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

April 22, 2004


## VERIFICATION

I, Doreen Scolastico, affirm that I have read the foregoing Complaint and that the facts contained therein are true to the best of my personal knowledge.

April 24, 2004

Doreen Scolastico

8

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                         SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO. 04-1674A


DOREEN SCOLASTICO,                    )
                Plaintiff,            )
                                      )
v.                                    )
                                      )
READING HOUSING AUTHORITY,            )
                Defendant,            )


## PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION
## AFTER HEARING ON SHORT ORDER OF NOTICE

Plaintiff Doreen Scolastico hereby move this Court, pursuant to Mass. R. Civ. P. 65, to grant a preliminary injunction restoring her federal housing subsidy after hearing on short order of notice.

Plaintiff's participation in the Section 8 Housing Choice Voucher Program was terminated by Defendant Reading Housing Authority (RHA) on about February 28, 2004. Plaintiff alleges that the decision of the RHA terminating her subsidy was not based on a preponderance of the evidence as required by federal law and was arbitrary and capricious and in violation of her due process rights. In addition, the decision violated Plaintiff's right to reasonable accommodation as a person with a disability under the federal Fair Housing Act.

The grounds for this motion, as set forth more fully in the attached Affidavit of Jonathan Metcalf, LICSW, and in the Verified Complaint in this action, are as follows:

1.      There is a substantial likelihood that Plaintiff will prevail on the merits of her claim that the RHA unlawfully terminated her Section 8 subsidy, depriving her of housing

assistance she requires because of her disability and inability to work.

2.    Plaintiff will suffer irreparable harm if the Court does not order the requested injunctive relief and restore her housing subsidy. Plaintiff faces imminent eviction because she cannot afford to pay the market rent for her apartment. Without her subsidy, she will be unable to find affordable housing and is at risk of becoming homeless.

3.    The Defendant and the public will not suffer comparable harm if the injunction is granted. The RHA has a public duty to provide Section 8 assistance to income-eligible families such as the Plaintiff's. While the RHA has a interest in preventing fraud in the receipt of housing subsidies, there is no evidence of fraud in this case. The RHA's interests do not outweigh the public's interest in ensuring that people are not deprived of benefits to which they are entitled without due process of law and that people with disabilities receive reasonable accommodations necessary for them to maintain their housing. The certain harm to the Plaintiff in having her housing subsidy unlawfully terminated strongly outweighs any potential harm to the Defendant.

WHEREFORE, Plaintiff requests that this Court:

1.    Schedule a hearing on this motion on Short Order of Notice at the earliest available date;

2.    Grant a preliminary injunction ordering the Defendant to restore Plaintiff's Section 8 subsidy, pay the subsidized portion of her rent thereafter pending the outcome of this case; and

3.    Order such further relief as is just.

DOREEN SCOLASTICO

By her attorney,

Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

April 21, 2004

CERTIFICATE OF SERVICE

I, Jane K. Alper, hereby certify that on April 27, 2004 I served the foregoing motion for Preliminary Injunction upon the Defendant by mailing a copy thereof, postage prepaid, to its counsel of record.

3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  CIVIL ACTION NO. 04-1674A


DOREEN SCOLASTICO,                         )
                    Plaintiff,             )
                                           )
v.                                         )
                                           )
READING HOUSING AUTHORITY,                 )
                    Defendant,             )


<u>AFFIDAVIT OF JONATHAN METCALF, LICSW</u>

I, Jonathan Metcalf, depose and state as follows:

1.    I am a psychiatric social worker employed by the Lahey Clinic's Department of
      Psychiatry and Behavioral Medicine.

2.    I have seen Doreen Scolastico in therapy for the past two years.

3.    Ms. Scolastico has a diagnosis of bipolar disorder with rapidly fluctuating mood cycles.
      She takes a variety of medications for her condition, including Wellbutrin, Prozac,
      Topomax, and Clonazepam. Her condition has been difficult to manage and it has been
      necessary to adjust her medications frequently.

4.    Her mental illness has prevented her from working a steady job and affects her
      concentration and judgment.

5.    Based upon my knowledge of Ms. Scolastico's mental condition and on what she has told
      me, it is my clinical opinion that her decision to give her parents custody of her son and
      agree to a temporary shared living arrangement is related to her mental illness.

6.    I have observed that her mental illness has been greatly exacerbated by her current
      housing problems and believe that loss of housing would have a seriously deleterious
      effect on her mental health.

Signed under penalties of perjury.

Date:  _4/22/04_                           _____
                                           Jonathan Metcalf, LICSW

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                        SUPERIOR COURT DEPARTMENT
                                                     CIVIL ACTION NO. 04-1674A


DOREEN SCOLASTICO,                     )
                    Plaintiff,         )
                                       )
v.                                     )
                                       )
READING HOUSING AUTHORITY,             )
                    Defendant,         )


## MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION


### INTRODUCTION

Plaintiff Doreen Scolastico moves for a preliminary injunction ordering Defendant Reading Housing Authority to restore her federal housing subsidy and continue paying the subsidized portion of her rent pending the Court's disposition of the case.

### STATEMENT OF FACTS

Ms. Scolastico is a single parent of a 15-year-old son, David. She is a person with a disability within the meaning of the federal Fair Housing Act in that she has bipolar disorder, which substantially limits her ability to work and to concentrate. Affidavit of Jonathan Metcalf ¶ 3. She receives Social Security disability benefits and SSI because of her inability to work. Since about 1992, Ms. Scolastico has held a Section 8 Housing Voucher issued by the Reading Housing Authority. The Section 8 program in which she participates is a federal program administered by local housing authorities that allows low-income tenants to pay a percentage of their income in rent with the balance paid by the U.S. Department of Housing and Urban

Development (HUD).

As a result of her disability, Ms. Scolastico has at times been unable to care for David and on those occasions he stayed with her parents, who live in the same town. In June 2003, Ms. Scolastico's parents applied for temporary custody of David, and in about November 2003 they received permanent custody. In spite of the change in custody, David always lived at least part of the time with his mother. His furniture and most of his belongings remained at her apartment. In early March, 2004, David returned to live with his mother full-time.

In about November 2003, Ms. Scolastico signed recertification documents required under the Section 8 program. In signing these documents, she indicated that David still resided in the apartment. She did not intend to deceive the RHA in signing the documents. At the time, David spent every weekend at the apartment and one night a week and she still considered him a resident. She considered the shared living arrangement temporary and believed that he would return to live with her full-time, as he now has.

In early February, the RHA notified Ms. Scolastico that it was terminating her Section 8 subsidy because she had falsely indicated that David was still living in her apartment. It also alleged that two unauthorized individuals had at various times lived in her apartment. Ms. Scolastico appealed the termination. A hearing on her appeal was held on February 13, 2004. At the hearing, Ms. Scolastico explained her reasons for indicating that David was still living in the apartment. She denied that anyone had lived in the apartment without authorization and the RHA presented no physical evidence to support that allegation. She also submitted a letter from her psychiatrist and therapist describing her mental illness and explaining the adverse effect that loss of housing would have on her.

2

In spite of this evidence, the RHA denied the appeal and terminated Ms. Scolastico's Section 8 subsidy at the end of February. The market rent for Ms. Scolastico's apartment is $1,245.00. Her share of rent under the Section 8 program was $220.00. Her monthly income is $687.00. After her subsidy was terminated, Ms. Scolastico was forced to borrow money to pay her March rent. She has not been able to pay her April rent. On April 12, 2004, she was served with a 14-day notice to quit for nonpayment of rent. If she is evicted, she will have no place to go and will likely become homeless.

ARGUMENT

To obtain a preliminary injunction, a moving party must demonstrate (1) likelihood of success on the merits, (2) the potential for irreparable harm if the injunction is denied, (3) that the harm faced by the moving party is greater than the harm to the non-moving party if the injunction is granted, and (4) the positive effect of the court's ruling on the public interest. *Ross-Simmons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996); *Packaging Ind. Group, Inc. v. Cheney*, 380 Mass. 606-161-17 (1980).

A.    PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER CLAIM

1.    The Evidence Was Insufficient to Sustain Defendant's Burden of Proof.

The RHA's decision was not based on substantial evidence. It found that her son was not residing in the apartment although Ms. Scolastico testified that he resided there every weekend and one additional night each week and that his current shared living arrangement was temporary. In fact, David is now living with his mother full time. The RHA further found that unauthorized persons had lived or were living in the apartment although it introduced no evidence other than unsupported hearsay to support those allegations, which Ms. Scolastico

3

denied. Thus, the decision was not supported by the evidence.[1]

Moreover, the decision violated HUD regulations concerning termination of assistance under the Section 8 program. 24 C.F.R. § 982.552(c)(2)(i) directs the housing authority to:

> Consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, *mitigating circumstances related to the disability of a family member*, and the effects of the denial or termination of assistance on other family members who were not involved in the action or failure.

(Emphasis added.)   This case does not involve deliberate fraud. Ms. Scolastico's son never moved out of her apartment but was living on a part-time and temporary basis with her parents. His belongings remained in the apartment and he continued to reside there part of the time. In addition, the RHA failed to consider mitigating circumstances related to Ms. Scolastico's disability, which led her to relinquish custody of her son and agree to a shared living arrangement. *See* Metcalf Affidavit ¶ 5. Finally, loss of her housing subsidy threatens not only Ms. Scolastico's housing but that of her minor son, who has now returned to live with his mother full time.

Moreover, 24 C.F.R. § 982.552(c)(2)(iv) provides that:

> If the family includes a person with disabilities, the PHA [public housing authority] decision concerning such action is subject to consideration of reasonable accommodation in accordance with part 8 of this title.

Although the RHA was on notice that Ms. Scolastico had a disability and that loss of her housing would adversely affect her mental condition, it did not consider making a reasonable

---

[1] The terms "resident" and "residence" are not defined in HUD's regulations so it is unclear that a person living in a dwelling part-time does not qualify as a resident under the Section 8 program. *See Colorado v. Nix,* 42 P.3d 41, 44 (Colo. 2001) (since the term "principal residence" was not defined in the federal regulations, an individual who lived in his residence part of the time could not be convicted of theft for misusing his Section 8 subsidy.

4

accommodation that would have allowed her to retain her housing subsidy.

Under M.G.L. c. 249 § 4, this Court is authorized to correct errors in proceedings resulting in the termination of Ms. Scolastico's Section 8 subsidy, since the RHA's decision is not otherwise reviewable by motion or appeal. *See Cumberland Farms, Inc. v. Planning Bd. of Bourne*, 56 Mass.App.Ct. 605, 607, 779 N.E.2d 159, 161 (2002) ("The requisite elements for availability of certiorari are : (1) a judicial or quasi-judicial proceeding; (2) a lack of all other reasonably adequate remedies, and (3) a substantial injury or injustice arising from the proceeding under review.")

2.    The RHA Violated the Federal Fair Housing Act by Failing to Make a Reasonable Accommodation to Plaintiff's Disability.

Although Plaintiff presented evidence at the hearing regarding the termination of her Section 8 subsidy that she is a person with a disability and that her son's current living arrangement was a result of her disability, the RHA did not take that information into account in reaching its decision or provide a reasonable accommodation as required by the HUD regulations cited above.

The federal Fair Housing Act, 42 U.S.C. § 3604(f)(2) and (3)(B) defines discrimination to include "[r]efusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Given the evidence presented at the appeal hearing concerning Ms. Scolastico's disability and the reason for the change in her son's living arrangements, The RHA should have provided a reasonable accommodation by considering that evidence in mitigation of her alleged infringement of the requirements of the Section 8 program. Failure to do so violated

the Fair Housing Act as well as HUD regulations and entitles Ms. Scolastico to relief under that statute.

3.     The RHA Violated the Due Process Requirements of 42 U.S.C. § 1983.

It is well-settled that a Section 8 subsidy represents a property right and that termination of the subsidy constitutes state action. *See Fennelly v. Kimball Court Apartments Ltd. Partnership*, 2001 WL 1524452 (Mass. Super.) at *7. Thus, the due process rights of the Fourteenth Amendment and 42 U.S.C. § 1983 apply to the termination of Ms. Scolastico's subsidy. As stated above at pages 3-4, the RHA violated Ms. Scolastico's due process rights by rendering a decision that contravened the evidence presented at the appeal hearing and violated the federal regulations governing the Section 8 program. Ms. Scolastico is therefore entitled to relief.

B.     PLAINTIFF WILL FACE IRREPARABLE HARM IF AN INJUNCTION IS NOT GRANTED.

Unless this Court orders the RHA to restore Plaintiff's Section 8 subsidy and pay the subsidized portion of her April rent, Plaintiff will be evicted. Her landlord has begun the process of eviction by sending her a 14-day notice to quit for non-payment of rent. Since Ms. Scolastico cannot afford to pay market rent on her income of $687 per month, she is likely to become homeless if she is evicted. As her therapist states in his affidavit, the loss of her housing will have a seriously deleterious effect on her mental health. Metcalf Affidavit ¶ 6. She has no adequate remedy at law that will compensate her for that harm.

C.     BALANCE OF THE COMPETING HARMS FAVORS THE PLAINTIFF.

The harm to the RHA if the injunction is granted is insignificant in comparison with the

harm to Ms. Scolastico if it is denied.  The RHA has a statutory obligation to administer the

Section 8 program in a fair manner and to make reasonable accommodations for tenants with

disabilities.  If Ms. Scolastico's voucher is still available, the RHA can simply restore it to her.  If

the voucher has been given to another individual, the RHA will have to pay the subsidized

portion of her rent until a voucher becomes available.   Compared with the harm to Ms.

Scolastico if she becomes homeless, the harm to the RHA is negligible.

D.    THE PUBLIC INTEREST WILL BE SERVED BY GRANTING AN INJUNCTION.

The public interest will be served by ensuring that low-income tenants are not deprived of

their housing subsidies and rendered homeless based on unfair procedures and in ensuring that

laws requiring reasonable accommodation of tenants with disabilities are enforced.  The public

interest will be served by a ruling that permits Ms. Scolastico to continue to live with her son in

her own home rather than becoming homeless.

CONCLUSION

For all the foregoing reasons, the Court should enter a preliminary injunction ordering the

Defendant to restore Plaintiff's housing subsidy pending final resolution of this dispute.

DOREEN SCOLASTICO

By her attorney,

_Jane K. Alper_

Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

April 22, 2004

7

## CERTIFICATE OF SERVICE

I, Jane K. Alper, hereby certify that on April 27, 2004 I served the foregoing motion for Preliminary Injunction upon the Defendant by mailing a copy thereof, postage prepaid, to its counsel of record.

_Jane K Alper_

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2004-01674**

Doreen Scolastico, Plaintiff(s)

vs.

Reading Housing Authority

, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named:

You are hereby summoned and required to serve upon
Jane K Alper, Esquire, plaintiff's attorney, whose address is **Disability Law Center 11 Beacon StreetBoston, MA 02108** , an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Middlesex County Superior Court, in Cambridge on **05/06/2004, at 02:00 PM in Rm 12A (Cambridge),** at which time you may appear and show cause why such application should not be granted.

**Witness, Suzanne V. DelVecchio,** Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 29th day of April, 2004.

................................................................................
Clerk

**(AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)**

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2004-01674-A**

RE:  **Scolastico v Reading Housing Authority**

TO: Jane K Alper, Esquire
Disability Law Center
11 Beacon Street
Boston, MA 02108

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/19/2004 |
| Response to the complaint filed (also see MRCP 12) | 09/17/2004 |
| Firm trial date set | 10/17/2004 |
| Case disposed | 11/16/2004 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in **Rm 12A (Cambridge) at Middlesex Superior Court.**

**Dated: 04/21/2004**

Edward J. Sullivan
Clerk of the Courts

BY: Brian Burke
Assistant Clerk

**Location: Rm 12A (Cambridge)**
**Telephone: 617-494-4010 EXT 4341**

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130