COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                              SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO. 04-1674A

DOREEN SCOLASTICO,                )
                Plaintiff,        )
                                  )
v.                                )
                                  )
READING HOUSING AUTHORITY,        )
                Defendant,        )

## THIRD AMENDED COMPLAINT

### INTRODUCTION

1. This is an action in the nature of certiorari pursuant to M.G.L. c. 249 § 4. Plaintiff Doreen Scolastico seeks relief from a decision by the Reading Housing Authority (the RHA) terminating her Section 8 housing voucher and thereby exposing her to imminent homelessness.

2. Ms. Scolastico alleges that the RHA's decision was not supported by substantial evidence, was arbitrary and capricious, was based on a proceeding that denied her due process of law, and failed to consider mitigating measures relating to her disability as required by the regulations governing the Section 8 program.

3. Ms. Scolastico seeks immediate injunctive relief to restore her Section 8 voucher. Without restoration of the voucher, Ms. Scolastico will suffer irreparable harm as she cannot pay the full rent on her apartment without her subsidy and may soon become homeless.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 249 § 4, c. 212 § 4, and c. 214 § 5.

5. Venue is properly situated in this Court pursuant to M.G.L. c. 223 § 1 and c. 214 § 5.

## PARTIES

6. Ms. Scolastico resides at 2221 Avalon Drive, Wilmington, MA with her 15-year-old son, David.

7. Defendant Reading Housing Authority has a usual place of business at 22 Frank D. Tanner Drive, Reading, MA. Defendant is a public agency charged by the U.S. Department of Housing and Urban Development with administration of the Section 8 Tenant-Based Assistance Housing Choice Voucher Program, 24 C.F.R. Part 982.1 *et seq.*

## STATEMENT OF FACTS

8. Ms. Scolastico is a person with disabilities as defined by HUD regulations in that she has bipolar disorder inadequately controlled by medication that substantially limits her ability to concentrate and to work. Since about 1999 she has received Social Security Disability and Supplemental Security Income benefits from the government as a result of her condition.

9. Because her income has been insufficient to support Ms. Scolastico and her son, she received a Section 8 Housing Voucher from the RHA in about 1992.

10. The Section 8 program was established by the United States Housing Act of 1937, as amended by 42 U.S.C. §§ 1401 *et seq.* Under this program, tenants live in private housing and pay a portion of the contract rent based on household income. The

remaining rent is paid by the federal government.

11. Ms. Scolastico has lived at her current address since about 2000.

12. During periods when the symptoms of Ms. Scolastico's disability prevented her from caring for her son, David, he stayed with her parents who live in the same town. In June, 2003, Ms. Scolastico's parents applied for temporary custody of David. In about November 2003, they obtained permanent custody of David.

13. During that same period of time, David continued to live with Ms. Scolastico on weekends and one additional night every week. Most of his belongings, including his furniture and most of his clothing, remained in Ms. Scolastico's apartment.

14. In about November 2003 Ms. Scolastico signed annual recertification documents pursuant to the Section 8 program. In signing these documents, she indicated that David was still residing in the apartment. She did not intend to deceive the RHA but still considered her apartment David's permanent home and always intended that he would return to live with her full time.

15. In early March 2004 David returned to live with Ms. Scolastico on a full time basis.

16. In early February 2004 the Reading Housing Authority notified Ms. Scolastico that they were terminating her Section 8 subsidy because she had falsely indicated on the recertification documents that David was still living in her apartment and because two unauthorized individuals had at various times lived in her apartment.

17. Ms. Scolastico appealed the RHA's decision. A hearing on her appeal was held on February 13, 2004. At the hearing, Ms. Scolastico explained that her son continued to live in the apartment on a part-time basis and that she intended to have him return

permanently when her condition improved. She also testified that no unauthorized person had ever lived in the apartment except for occasional visits. The RHA offered no proof other than unreliable hearsay statements that unauthorized persons had ever lived in the apartment. At the hearing, Ms. Scolastico produced a letter from her psychiatrist and therapist describing her disability and the deleterious effect that loss of her housing would have on her.

18. By letter dated February 20, 2004, the RHA denied the appeal.

19. Ms. Scolastico's Section 8 voucher terminated on about February 28, 2004.

20. The market rent for Ms. Scolastico's apartment is $1,245.00 per month. The monthly rent she paid under the Section 8 program was about $220.00. Ms. Scolastico's total monthly income is $687.00.

21. Ms. Scolastico borrowed money to pay her March rent. However, she has been unable to pay the April rent.

22. On April 12, 2004 Ms. Scolastico was served with a 14-day notice to quit for non-payment of rent. A summary process trial is scheduled for May 20, 2004/.

CLAIM FOR RELIEF:
THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN DEFENDANT'S
BURDEN OF PROOF

23. Ms. Scolastico restates the allegations contained in paragraphs 1 through 22.

24. The decision of the RHA contains errors of law and is not supported by a preponderance of the evidence and therefore violates federal law. Specifically, the decision found that Ms. Scolastico's son was not residing in the unit, although in fact he continued to reside

there part of the time and continued to consider it his permanent home. It also found that unauthorized persons were living or had lived in her apartment despite lack of any reliable proof.

25. Moreover, the decision violates HUD regulations concerning termination of assistance under the Section 8 program. 24 C.F.R. § 982.552(c)(2)(i) directs the housing authority to:

> Consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, *mitigating circumstances related to the disability of a family member*, and the effects of the denial or termination of assistance on other family members who were not involved in the action or failure.

(Emphasis added.) In this case, Ms. Scolastico relinquished custody of her son and allowed him to reside with her parents part of the time for reasons directly related to her disability. The RHA failed to consider the mitigating circumstances surrounding the change in living arrangements. Finally, loss of her housing subsidy threatens not only Ms. Scolastico's housing but that of her minor son who now lives with his mother full-time.

26. Moreover, 24 C.F.R. § 982.552(c)(2)(iv) provides that:

> If the family includes a person with disabilities, the PHA decision concerning such action is subject to consideration of reasonable accommodation in accordance with part 8 of this title.

Although the RHA was on notice that Ms. Scolastico had a disability and that loss of her housing would adversely affect her mental condition, it did not make or consider making a reasonable accommodation. Ms. Scolastico has been injured by the RHA's actions.

27. Under M.G.L. c. 249 § 4, this Court is authorized to correct errors in proceedings

resulting in the termination of Ms. Scolastico's Section 8 subsidy, as the RHA's decision is not otherwise reviewable by motion or appeal.

PRAYERS FOR RELIEF

WHEREFORE, Ms. Scolastico respectfully requests that this Court:

1. Accept jurisdiction over this action;

2. Reverse the decision of the RHA decision terminating Ms. Scolastico's housing subsidy;

3. Issue a preliminary and permanent injunction ordering the RHA to reinstate Ms. Scolastico's Section 8 subsidy and pay the subsidized portion of Ms. Scolastico's rent beginning on April 1, 2004;

4. Reimburse Ms. Scolastico for the sum she was forced to borrow to pay her March rent;

5. Compensate Ms. Scolastico for the severe emotional distress caused her by the Defendant's actions;

6. Award Ms. Scolastico costs and reasonable attorneys' fees; and

7. Award such other relief as is just.

DOREEN SCOLASTICO

By her attorney,

*Jane K Alper*
Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

May 12, 2004