COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                             SUPERIOR COURT DEPARTMENT
                                                           CIVIL ACTION NO. 04-1674A

DOREEN SCOLASTICO,           )
            Plaintiff,       )
                             )
v.                           )
                             )
READING HOUSING AUTHORITY,   )
            Defendant,       )

MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTION

INTRODUCTION

Plaintiff Doreen Scolastico moves for a preliminary injunction ordering Defendant Reading Housing Authority to restore her federal housing subsidy and continue paying the subsidized portion of her rent pending the Court's disposition of the case.

STATEMENT OF FACTS

Ms. Scolastico is a single parent of a 15-year-old son, David. She is a person with a disability within the meaning of the federal Fair Housing Act in that she has bipolar disorder, which substantially limits her ability to work and to concentrate. Affidavit of Jonathan Metcalf ¶ 3. She receives Social Security disability benefits and SSI because of her inability to work. Since about 1992, Ms. Scolastico has held a Section 8 Housing Voucher issued by the Reading Housing Authority. The Section 8 program in which she participates is a federal program administered by local housing authorities that allows low-income tenants to pay a percentage of their income in rent with the balance paid by the U.S.

Department of Housing and Urban Development (HUD).

As a result of her disability, Ms. Scolastico has at times been unable to care for David and on those occasions he stayed with her parents, who live in the same town. In June 2003, Ms. Scolastico's parents applied for temporary custody of David, and in about November 2003 they received permanent custody. In spite of the change in custody, David always lived at least part of the time with his mother. His furniture and most of his belongings remained at her apartment. In early March, 2004, David returned to live with his mother full-time.

In about November 2003, Ms. Scolastico signed recertification documents required under the Section 8 program. In signing these documents, she indicated that David still resided in the apartment. She did not intend to deceive the RHA in signing the documents. At the time, David spent every weekend at the apartment and one night a week and she still considered him a resident. She considered the shared living arrangement temporary and believed that he would return to live with her full-time, as he now has.

In early February, the RHA notified Ms. Scolastico that it was terminating her Section 8 subsidy because she had falsely indicated that David was still living in her apartment. It also alleged that two unauthorized individuals had at various times lived in her apartment. Ms. Scolastico appealed the termination. A hearing on her appeal was held on February 13, 2004. At the hearing, Ms. Scolastico explained her reasons for indicating that David was still living in the apartment. She denied that anyone had lived in the apartment without authorization and the RHA presented no physical evidence to support that allegation. She also submitted a letter from her psychiatrist and therapist describing her mental illness and explaining the adverse effect that loss of housing would have on her.

In spite of this evidence, the RHA denied the appeal and terminated Ms. Scolastico's Section 8 subsidy at the end of February. The market rent for Ms. Scolastico's apartment is $1,245.00. Her share of rent under the Section 8 program was $220.00. Her monthly income is $687.00. After her subsidy was terminated, Ms. Scolastico was forced to borrow money to pay her March rent. She has not been able to pay her April rent. On April 12, 2004, she was served with a 14-day notice to quit for nonpayment of rent. If she is evicted, she will have no place to go and will likely become homeless.

## ARGUMENT

To obtain a preliminary injunction, a moving party must demonstrate (1) likelihood of success on the merits, (2) the potential for irreparable harm if the injunction is denied, (3) that the harm faced by the moving party is greater than the harm to the non-moving party if the injunction is granted, and (4) the positive effect of the court's ruling on the public interest. *Ross-Simmons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996); *Packaging Ind. Group, Inc. v. Cheney*, 380 Mass. 606-161-17 (1980).

A.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER CLAIM

   1.  The Evidence Was Insufficient to Sustain Defendant's Burden of Proof.

The RHA's decision was not based on substantial evidence. It found that her son was not residing in the apartment although Ms. Scolastico testified that he resided there every weekend and one additional night each week and that his current shared living arrangement was temporary. In fact, David is now living with his mother full time. The RHA further found that unauthorized persons had lived or were living in the apartment although it introduced no evidence other than unsupported hearsay to support those allegations, which Ms. Scolastico denied. Thus, the decision was not supported by the

evidence.[1]

Moreover, the decision violated HUD regulations concerning termination of assistance under the Section 8 program. 24 C.F.R. § 982.552(c)(2)(i) directs the housing authority to:

> Consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, *mitigating circumstances related to the disability of a family member*, and the effects of the denial or termination of assistance on other family members who were not involved in the action or failure.

(Emphasis added.) This case does not involve deliberate fraud. Ms. Scolastico's son never moved out of her apartment but was living on a part-time and temporary basis with her parents. His belongings remained in the apartment and he continued to reside there part of the time. In addition, the RHA failed to consider mitigating circumstances related to Ms. Scolastico's disability, which led her to relinquish custody of her son and agree to a shared living arrangement. *See* Metcalf Affidavit ¶ 5. Finally, loss of her housing subsidy threatens not only Ms. Scolastico's housing but that of her minor son, who has now returned to live with his mother full time.

Moreover, 24 C.F.R. § 982.552(c)(2)(iv) provides that:

> If the family includes a person with disabilities, the PHA [public housing authority] decision concerning such action is subject to consideration of reasonable accommodation in accordance with part 8 of this title.

Although the RHA was on notice that Ms. Scolastico had a disability and that loss of her housing would

---

[1] The terms "resident" and "residence" are not defined in HUD's regulations so it is unclear that a person living in a dwelling part-time does not qualify as a resident under the Section 8 program. *See Colorado v. Nix,* 42 P.3d 41, 44 (Colo. 2001) (since the term "principal residence" was not defined in the federal regulations, an individual who lived in his residence part of the time could not be convicted of theft for misusing his Section 8 subsidy.

adversely affect her mental condition, it did not consider making a reasonable accommodation that would have allowed her to retain her housing subsidy.

Under M.G.L. c. 249 § 4, this Court is authorized to correct errors in proceedings resulting in the termination of Ms. Scolastico's Section 8 subsidy, since the RHA's decision is not otherwise reviewable by motion or appeal. *See Cumberland Farms, Inc. v. Planning Bd. of Bourne*, 56 Mass.App.Ct. 605, 607, 779 N.E.2d 159, 161 (2002) ("The requisite elements for availability of certiorari are : (1) a judicial or quasi-judicial proceeding; (2) a lack of all other reasonably adequate remedies, and (3) a substantial injury or injustice arising from the proceeding under review.")

  2. <u>The RHA Violated the Federal Fair Housing Act by Failing to Make a Reasonable Accommodation to Plaintiff's Disability.</u>

Although Plaintiff presented evidence at the hearing regarding the termination of her Section 8 subsidy that she is a person with a disability and that her son's current living arrangement was a result of her disability, the RHA did not take that information into account in reaching its decision or provide a reasonable accommodation as required by the HUD regulations cited above.

The federal Fair Housing Act, 42 U.S.C. § 3604(f)(2) and (3)(B) defines discrimination to include "[r]efusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Given the evidence presented at the appeal hearing concerning Ms. Scolastico's disability and the reason for the change in her son's living arrangements, The RHA should have provided a reasonable accommodation by considering that evidence in mitigation of her alleged infringement of the requirements of the Section 8 program. Failure to do so violated the Fair Housing Act as well as HUD

regulations and entitles Ms. Scolastico to relief under that statute.

3. <u>The RHA Violated the Due Process Requirements of 42 U.S.C. § 1983.</u>

It is well-settled that a Section 8 subsidy represents a property right and that termination of the subsidy constitutes state action. *See Fennelly v. Kimball Court Apartments Ltd. Partnership*, 2001 WL 1524452 (Mass. Super.) at *7. Thus, the due process rights of the Fourteenth Amendment and 42 U.S.C. § 1983 apply to the termination of Ms. Scolastico's subsidy. As stated above at pages 3-4, the RHA violated Ms. Scolastico's due process rights by rendering a decision that contravened the evidence presented at the appeal hearing and violated the federal regulations governing the Section 8 program. Ms. Scolastico is therefore entitled to relief.

B. <u>PLAINTIFF WILL FACE IRREPARABLE HARM IF AN INJUNCTION IS NOT GRANTED.</u>

Unless this Court orders the RHA to restore Plaintiff's Section 8 subsidy and pay the subsidized portion of her April rent, Plaintiff will be evicted. Her landlord has begun the process of eviction by sending her a 14-day notice to quit for non-payment of rent. Since Ms. Scolastico cannot afford to pay market rent on her income of $687 per month, she is likely to become homeless if she is evicted. As her therapist states in his affidavit, the loss of her housing will have a seriously deleterious effect on her mental health. Metcalf Affidavit ¶ 6. She has no adequate remedy at law that will compensate her for that harm.

C. <u>BALANCE OF THE COMPETING HARMS FAVORS THE PLAINTIFF.</u>

The harm to the RHA if the injunction is granted is insignificant in comparison with the harm to Ms. Scolastico if it is denied. The RHA has a statutory obligation to administer the Section 8 program

in a fair manner and to make reasonable accommodations for tenants with disabilities. If Ms. Scolastico's voucher is still available, the RHA can simply restore it to her. If the voucher has been given to another individual, the RHA will have to pay the subsidized portion of her rent until a voucher becomes available. Compared with the harm to Ms. Scolastico if she becomes homeless, the harm to the RHA is negligible.

D.     THE PUBLIC INTEREST WILL BE SERVED BY GRANTING AN INJUNCTION.

The public interest will be served by ensuring that low-income tenants are not deprived of their housing subsidies and rendered homeless based on unfair procedures and in ensuring that laws requiring reasonable accommodation of tenants with disabilities are enforced. The public interest will be served by a ruling that permits Ms. Scolastico to continue to live with her son in her own home rather than becoming homeless.

## CONCLUSION

For all the foregoing reasons, the Court should enter a preliminary injunction ordering the Defendant to restore Plaintiff's housing subsidy pending final resolution of this dispute.

DOREEN SCOLASTICO

By her attorney,

_____
Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

April 22, 2004

CERTIFICATE OF SERVICE

      I, Jane K. Alper, hereby certify that on April ___, 2004 I served the foregoing motion for Preliminary Injunction upon the Defendant by mailing a copy thereof, postage prepaid, to its counsel of record.

                                                                                                   _____