UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| READING HOUSING | ) |
| AUTHORITY, | ) |
| Defendant. | ) |

### THE DEFENDANT'S OPPOSITION TO MOTION TO REMAND

The Defendant, the Reading Housing Authority (RHA), hereby opposes the Plaintiff's Motion to Remand, because the crux of this case is a federal question and the Court may exercise federal question jurisdiction pursuant to 28 U.S.C. §1331. This case properly came before this Court based upon federal question jurisdiction and while the Plaintiff has amended her Complaint to remove federal statutory causes of action, a federal question remains. Alternatively, it is well within this Court's discretion to exercise supplemental jurisdiction over the remaining claim.

### Preliminary Statement

The Plaintiff is challenging a hearing officer's administrative decision to uphold the RHA's decision to terminate the Plaintiff's Section 8 Federal Housing Subsidy voucher ("Section 8" or "housing voucher"). When the RHA determined that it would terminate the Plaintiff's housing voucher it was acting in the capacity of its contractual delegation of authority from the United States Department of Housing and Urban Development (HUD). Thus, the RHA was a federal government actor acting in a quasi-judicial capacity.

The RHA terminated the Plaintiff's housing voucher because she failed to report a change in her household composition (her son was no longer living with her 50% or more of the time), signed documents falsely representing that her son was currently living with her and allowed an adult male to reside in her apartment without the authorization from the RHA.

The RHA's federal funding for the Section 8 program is severely limited. And with imminent HUD cutbacks, becoming even more limited. The RHA has an obligation to comply with federal regulations in the administration of the Section 8 program or risk jeopardizing the vouchers of all of the participants.

## RELEVANT FACTUAL BACKGROUND

Under Section 8 of the United States Housing Act of 1937, codified at 42 U.S.C. §1437f, subsidies are paid on behalf of low-income families to lease private housing. The federal program is administered by local public housing authorities which enter into Annual Contribution Contracts (ACCs) with HUD. Pursuant to the ACCs' the public housing authorities are bound by the federal statute and relevant HUD regulations. Each year the public housing authorities must submit their Section 8 Administrative Plan to HUD for approval. The plan includes detailed policies and procedures for the administration of the Section 8 program, including reporting requirements for household composition changes and termination hearing procedures. These policies include the requirement that any participant who has a minor child living with them must have legal custody of the child and if any changes occur in the household composition, such as, the child is no longer living with the head of household for at least 50% of the time, the RHA must be notified in writing within 7 days of the change.

The Plaintiff was notified on January 21, 2004 that the RHA determined it would terminate her voucher because the Plaintiff failed to comply with federal regulations regarding reporting

2

changes in household composition and falsified a continued occupancy document. In a letter dated February 2, 2004, the Plaintiff was notified of the RHA's decision to terminate her voucher, her appeal rights and the RHA's informal hearing procedures.

The Plaintiff exercised her due process right to an appeal and a hearing took place on February 13, 2004 before neutral hearing officer Joanne Graves, the Executive Director of the Stoneham and Manchester by the Sea Housing Authorities. The Plaintiff was presented with the documentation and factual information upon which the RHA based its decision, was given an opportunity to rebut any of the evidence and also to present her side of the story to the hearing officer.

By letter dated February 20, 2004, the hearing officer notified the Plaintiff that she upheld the RHA's decision to terminate the Plaintiff's housing voucher because at the hearing the Plaintiff admitted that she had misrepresented information in her recertification forms regarding her minor child's residence, that she had lost permanent custody of the child, and as a result had violated CFR 982.551 (2), (3) and (4).

## LEGAL ARGUMENT

The Plaintiff alleges that the RHA violated 24 C.F.R. §982.552(c)(2)(i) and (iv) by allegedly not considering all surrounding circumstances and failing to consider providing her with a reasonable accommodation *as required by the federal regulations*. The Plaintiff's argument is essentially that the RHA failed to provide the Plaintiff with the appropriate due process by violating the relevant C.F.R. sections. The Plaintiff's remedy lies in adjudicating whether or not the hearing officer properly complied with these two federal regulations. This is an issue that necessarily implicates and revolves around the Federal Housing Act of 1937, 42 U.S.C. §1437 et. seq., and federal regulations regarding the administration of the voucher

ID # 393754v01/7204-104/ 05.13.2004

program. Federal question cases are cases arising under the Constitution of the United States, Acts of Congress or treaties, and involving their interpretation and application. Black's Law Dictionary, Revised Fourth Edition (1968). Here, while the Plaintiff seeks a writ of certiorari pursuant to a Commonwealth of Massachusetts statute, the core issues of the case regard the interpretation of whether or not the Defendant appropriately applied the federal regulations to the Plaintiff and thereby provided her with the due process owed in terminating her property interest created by the Fair Housing Act of 1937.

## Interpretation of Federal Regulations

The Plaintiff alleges that "the RHA failed to consider the mitigating circumstances surrounding the change in living arrangements" and that it "did not make or consider making a reasonable accommodation" in violation of 24 CFR 982.552. For this Court to determine whether or not the RHA failed to consider the mitigating circumstances and providing a reasonable accommodation it necessarily must interpret the regulations to determine what it means to consider the mitigating circumstances and making a reasonable accommodation. Federal courts are uniquely equipped to interpret and apply federal regulations.

Further, the policies as contained in the Administrative Plan are strikingly similar to and largely track the administrative procedure guidelines previously contained in 24 C.F.R. §882.216 Informal Review or Hearing. (Removed and section reserved in 1995; historical copy attached as Exhibit 1 for reference). With these prior federal regulations as a guide, it is even more compelling that if the RHA did fail to follow the correct process when it terminated the Plaintiff's housing voucher, it in fact violated federal regulations as alleged by the Plaintiff, and/or its Administrative Plan approved by HUD which is modeled after federal regulations expressing the intent of how the United States Congress intended this process to work.

4

## Federal Question Jurisdiction

28 U.S.C. §1331 authorizes the federal district courts to entertain any case "arising under" the Constitution, or laws of the United States. Here, while the vehicle of review is a creature of state creation, in order to analyze even the very basic aspects of the Plaintiff's claim the Court must review and apply federal regulations and federal law. Additionally, the actor, the RHA, while albeit a local public housing authority, acted in its capacity as a contracting agent with HUD, applying federal regulations and following an administrative hearing process modeled after former CFR sections. Therefore, this Court may properly exercise original jurisdiction over this claim because of the existence of a federal question.

In fact, M.G.L. c.249 §4 is not even the appropriate vehicle for review because it creates an inequity in the application of due process to Section 8 participants through out the country. If the Plaintiff is able to obtain judicial review of the final administrative decision of a public housing authority acting in its role as a contractor with HUD; and residents of other states similarly aggrieved do not have a similar statute available, they would be unable to appeal a similar final administrative decision. As a result, residents of the Commonwealth are afforded an additional layer of due process not contemplated by the enabling statute, the Federal Fair Housing Act.

In instances where a federal statute or regulation does not contemplate judicial review, a party dissatisfied with an agency action must resort to "nonstatutory review" by looking to general grants of original jurisdiction to federal courts. The Plaintiff should seek judicial review via Congress' grant of original jurisdiction to federal courts in federal question cases.

## Supplemental Jurisdiction

Alternatively, the Court may retain jurisdiction over the remaining claim on the basis of supplemental jurisdiction. The instant Complaint was removed from Middlesex Superior Court on May 11, 2003 on the basis of federal question because the Complaint contained two federal statutory causes of action in addition to the state law certiorari claim. See Notice of Removal dated May 11, 2003. The Complaint was accepted by this Court and docketed. It is appropriate and in the public interest for this Court to exercise supplemental jurisdiction over the remaining claim pursuant to 28 U.S.C. §1367 for two reasons.

First, the Plaintiff's claim is without merit. As a result, since this instant Complaint is already before this Court, it can dispose of this case in the most efficient manner while conserving judicial time and resources that would be unnecessarily expended if the case is remanded. Second, according to the United States Department of Housing and Urban Development's Section 8 Renewal notice PIH 2004-7 issued on April 22, 2004, come this summer public housing authorities nationwide will be faced with terminating housing vouchers because of reduced funding. Exhibit 2. These terminations will inevitably bring a flood of litigation regarding the conformance to the federal regulations in terminating participants' vouchers. There should and must be uniformity in the application of the federal regulations governing termination of vouchers so that all section 8 participants can be assured of similar treatment and analysis of their due process rights. United States District Court judges are in the best position to effectuate this goal.

## Conclusion

The Plaintiff's Motion to Remand should be denied because this Court is still may properly assert subject matter jurisdiction over the claims because of a federal question; or alternatively, this Court may exercise supplemental jurisdiction over the remaining claim.

Reading Housing Authority
By its attorneys,

/s John Egan

John Egan, BBO #151670
Carrie J. Campion, BBO #656451
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6226

## CERTIFICATE OF SERVICE

I, Carrie J. Campion, hereby certify that I served a copy of the within Opposition to Plaintiff's Application for Preliminary Injunction on the Plaintiff's attorney by hand on this 12th day of May 2004.

/s Carrie Campion
_____
Carrie J. Campion