UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| READING HOUSING | ) |
| AUTHORITY, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

**Preliminary Statement**

The Plaintiff brings this action pursuant to M.G.L. c. 249, § 4 for review by certiorari of the decision of a neutral hearing officer of the Reading Housing Authority ("RHA") terminating her Section 8 federal housing subsidy voucher ("voucher") as a result of misrepresentations made by the Plaintiff to RHA regarding the number of individuals residing in her apartment. The Plaintiff seeks a preliminary injunction to prevent the RHA from terminating her voucher pending resolution of her claim. The Plaintiff cannot demonstrate the necessary elements for a preliminary injunction, and, thus her motion must be denied.

Specifically, the plaintiff cannot demonstrate likelihood of success on the merits because she is not entitled to any relief pursuant to M.G.L. c. 249, § 4. She received a full and fair hearing before the RHA hearing officer, and the grounds for the revocation of the voucher are legally sound. Furthermore, the Plaintiff cannot demonstrate the balance of equities favor her or the public interest would be served by granting a

1

preliminary injunction. This case is nothing more than a meritless attempt to retain her housing voucher – a voucher she lost as a result of affirmative misrepresentations she made to the RHA. While it is unfortunate that the Plaintiff can no longer afford her apartment without the voucher, the RHA has an obligation to enforce the dictates of the Section 8 program and comply with applicable rules and regulations, which require that it terminate a voucher when an individual, such as the Plaintiff, fails to comply with the requirements for a voucher.

## Relevant Background

The Plaintiff's Section 8 voucher was terminated because she failed to inform the RHA that her family composition had changed (i.e., that her minor son was no longer living with her full time and that a third party (her boyfriend) was living with her). According to the federal guidelines for the voucher program as well as the participant agreement signed by the Plaintiff, a participant must inform the RHA of any changes to family composition within 7 days. See Affidavit of Kathleen Rolli ("Rolli Aff."), Exhibit I, filed herewith; 24 C.F.R. 982.551 (1) through (4). If a member of the household ceases living in the household for at least 50 percent of the time, a change in family composition has occurred. See Section K of the RHA's Section 8 Administrative Plan. The number of household members is a determining factor in the level of monetary subsidy provided to participants. If a household size shrinks, generally so does the level of assistance. The Plaintiff signed a Continued Occupany Form in November 2003 indicating that her minor son, David, lived with her full-time and a Certification Form attesting that she understood that she was required to notify RHA of any change in family composition (even a temporary change) within 7 days. See Rolli Aff. Exhibit A and B.

Here, the Plaintiff never notified the RHA of the change in family composition, despite the fact that the following had occurred: (1) the Plaintiff's parents were granted custody of David; (2) David no longer lived with the Plaintiff at least 50 percent of the time (indeed, the plaintiff admits in her Complaint that David only stayed with her at most 3 days per week); and (3) the Plaintiff's boyfriend, who was not authorized to live in the apartment, had moved in.

Once RHA became aware of the Plaintiff's change in family composition, it terminated her voucher effective February 29, 2004. See Rolli Aff., Exhibit D. RHA informed the Plaintiff that she was entitled to a hearing, and the Plaintiff availed herself of that right. The hearing was held before RHA hearing officer Joanne Graves on February 13, 2004. See Rolli Aff. ¶¶ 8-10. At the hearing, the plaintiff admitted the following relevant facts:

a. that she knew she was required to report her son's change in custody status and chose not to report such change;

b. that she understood she had to report a change in her household composition within seven days of the change and that the fact that her son was temporarily not living with her at least 50 percent of the time constituted a change in household composition; and

c. that her son was living with her less than 50 percent of the time . Rolli Aff. ¶ 12. Furthermore, the Plaintiff never stated at the hearing that her son was not living with her because of her disability; rather, she stated that they were not getting along. Rolli Aff. ¶ 12.

ID # 393418v01/7204-104/ 05.13.2004

Thereafter, the hearing officer issued a decision affirming the termination of the voucher. See Exhibit H to Rolli Aff. Until she brought the Complaint in this case, the Plaintiff never asserted nor requested that she needed a reasonable accommodation under any theory. Rolli Aff. ¶ 13; Affidavit of Joanne Graves, filed herewith. Although forms are readily available from the RHA to request a reasonable accommodation, the Plaintiff never utilized that procedure.

## Argument

**A.    Standard**

A temporary restraining order may be issued in favor of the plaintiff only where the plaintiff has demonstrated four requisite elements. First, the Plaintiff must demonstrate that she has a likelihood of success on the merits of her claim against the defendants. Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Electric Co., 399 Mass. 640, 645 (1987). Second, the Plaintiff must establish that she will suffer immediate and irreparable harm if an injunction is not issued. Alexander & Alexander, Inc. v. Danahy, 21 Mass.App.Ct. 488, 494-95 (1986). Third, the Plaintiff must establish that the harm she will suffer if the preliminary injunction is not granted outweighs the harm inflicted on RHA should the preliminary injunction be issued. Boston Teachers Union v. City of Boston, 382 Mass. 553, 566 (1981). And finally, the Plaintiff must establish that the issuance of a preliminary injunction promotes the public interest. LeClair v. Norwell, 430 Mass. 328, 331 (1999). Here, the Plaintiff's request for the issuance of a preliminary injunction fails because she cannot demonstrate a likelihood of success on the merits, a favorable balance of equities, or that the public interest requires issuance of an injunction.

4

B.  **The Plaintiff Cannot Establish Likelihood Of Success On The Merits.**

The sole claim asserted by the Plaintiff is pursuant to M.G.L. c. 249, § 4 for certiorari review of the RHA Hearing Officer's decision affirming the termination of the Plaintiff's voucher. In actions under c. 249, § 4, "[t]he reviewing judge is limited to what is contained in the record of the proceedings below, and . . . 'the standard of review . . . is to correct substantial errors of law apparent on the record adversely affecting material rights.'" Police Commissioner of Boston v. Robinson, 47 Mass. App. Ct. 767, 770 (1999) (citations omitted). Moreover, "a writ of certiorari will not issue for errors 'which have not resulted in manifest injustice to the petitioner or which have not adversely affected the real interests of the general public.'" Id. at 770-71 (citations omitted). "[T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." Cumberland Farms, Inc. v. Planning Board of Bourne, 56 Mass. App. Ct. 605, 607 (2002). The standard of review under c. 249, § 4 "depends on 'the nature of the action sought to be reviewed.'" The Black Rose, Inc. v. City of Boston, 433 Mass. 501, 503 (2001).

The Plaintiff claims the appropriate standard is "substantial evidence", although fails to cite any support for that claim. Even if "substantial evidence" is the appropriate standard, that standard was met in this case because there was substantial evidence that the Plaintiff violated the applicable rules and regulations justifying termination of her voucher. The Plaintiff received a fair hearing on the merits of the termination of her voucher. After finding sufficient facts that the Plaintiff affirmatively misrepresented and

5

failed to disclose relevant information regarding her family composition, the RHA Hearing Officer affirmed the termination of her voucher.

    1.    <u>Termination of the Plaintiff's Voucher Was Justified and No Substantial Injustice Has Occurred.</u>

The Plaintiff received a full and fair hearing and there is no evidence that a "substantial injury or injustice" has occurred. Indeed, from a review of the arguments and evidence presented to the Hearing Officer, it is clear that the decision to terminate the Plaintiff's voucher was required under applicable regulations. The undisputed evidence, which the Plaintiff admitted at the hearing, demonstrates that the Plaintiff's son ceased to live with her more than 50 percent of the time after her parents were given full custody of David and the Plaintiff's boyfriend resided in the apartment in violation of applicable regulations. In addition, despite acknowledging that she understood that she must report a change in family composition (even a temporary change) to the RHA, the Plaintiff failed to provide this information and, in fact, affirmatively represented that her son still lived with her and that no one else lived in the apartment. <u>See</u> Exhibit A to Rolli Aff. <u>See also</u> Graves Aff. The only explanation that the Plaintiff gave at the hearing for her failure to provide accurate information was that she did want the RHA to put her in a one bedroom apartment. <u>See</u> Rolli Aff. ¶ 14.

Moreover, the allegations in the Complaint support termination of the Plaintiff's voucher. In her Complaint, the Plaintiff admits that her son did not live with her for 50 percent of the time and that she did not report the change. <u>See</u> Third Amended Complaint ¶ 13-14. These facts represent sufficient legal grounds for termination of the

voucher as the Plaintiff deliberately failed to comply with applicable rules and regulations. See Rolli Aff., Exhibits H and I.

### 2. The Plaintiff Has Waived Her Right To Assert A Need For A Reasonable Accommodation.

For the first time, the Plaintiff asserts in this action that the change in family composition was as a result of her disability for which she required a reasonable accommodation.[1] Although she had ample opportunity to do so, the Plaintiff **never** asserted that she required accommodation as a result of disability before the RHA Hearing Officer nor did she make any request to the RHA for such an accommodation. At the hearing, RHA's director, Lyn Whyte, told the Plaintiff that if she had informed the RHA that she was having trouble with her son which required that he live with her parents, the RHA would have given her a voucher for a one bedroom apartment. Rolli Aff. ¶ 14; Affidavit of Lyn E. Whyte. The Plaintiff responded that she would never accept a one bedroom apartment and "had to have a two bedroom apartment." Rolli Aff. ¶ 14. In fact, when asked by the Hearing Officer if she was asking for a reasonable accommodation, the Plaintiff responded that she was not seeking an accommodation. See Graves Aff. In addition, the Plaintiff admitted at the hearing that the reason her son was no longer living with her was because they did not get along, not as a result of her disability. Rolli Aff. ¶ 12.[2] Her request in this action is nothing more than a belated and

---

[1] The Plaintiff has offered no explanation for why a reasonable accommodation is necessary to allow her boyfriend to live with her.

[2] The fact that her son began living with her again in March 2004 is of no consequence as the Hearing Officer's decision was in February 2004, and at that time the Plaintiff's son was no longer living with her for at least 50 percent of the time.

7

ID # 393418v01/7204-104/ 05.13.2004

specious attempt to salvage her voucher and provide some excuse for her misrepresentations to the RHA.

More importantly, however, this Court has no power to entertain the Plaintiff's argument that the RHA inappropriately failed to grant her a reasonable accommodation. Pursuant to c. 249, § 4, the Court's review is limited to the evidence and arguments presented before the RHA Hearing Officer. The Plaintiff never asserted before the RHA that she needed a reasonable accommodation of a two bedroom apartment. This Court, therefore, has no authority under c. 249, § 4 to consider this claim now and cannot reverse the Hearing Officer's decision on this basis. The Plaintiff's argument that the RHA has an independent obligation to consider her disability and need for a reasonable accommodation absent a specific request is contrary to law. See e.g. Russell v. Cooley Dickinson Hospital, Inc., 437 Mass. 443, 457 (2002) (in employment context no obligation to provide accommodation absent request). This is true especially in light of the fact that the Plaintiff specifically denied she was requesting an accommodation. As this argument is the central basis upon which the Plaintiff seeks review of the underlying decision, her claim cannot succeed on the merits. Accordingly, the Plaintiff is not entitled to a preliminary injunction.

3.  The Plaintiff Is Not Entitled To A Reasonable Accommodation.

Even if the Court considers the Plaintiff's request for a reasonable accommodation, the Plaintiff has failed to demonstrate that the reasonable accommodation would have required the RHA Hearing Officer to reinstate the voucher so as to avoid a manifest injustice. The express reasons for the RHA Hearing Officer's decision is as follows:

ID # 393418v01/7204-104/ 05.13.2004

> your [the plaintiff] failure to provide true and complete information (CFR 982.511(4), specifically as it regards your recertification documents, which you admitted you had misrepresented during the Hearing; failure to report any family composition changes, FRM 982.551(2)(3), specifically your failure to report that your minor child no longer resided in the unit and that a court order awards permanent custody to a third party; failure to report the addition of household member(s) and failure to acquire Authority approval for the individual(s), FMR 982.551(2), specifically present residence of an unauthorized party and former residence of another unauthorized party.
>
> At the Hearing you stated that you have been a long-term Section 8 participant and **that you fully understood the obligation to supply complete, true information and you had not done so, thus leading to the determination that you have violated the Family Obligations of the Housing Choice Voucher Program.**

See Exhibit H to Rolli Aff. (emphasis added). The decision of the Hearing Officer makes it clear that the Plaintiff's voucher was terminated because of her intentional and willful failure to comply with Section 8 requirements as well her as intentional misrepresentations regarding her family composition. Indeed, the Plaintiff admitted she failed to provide truthful and accurate information to the RHA regarding her family composition. See Rolli Aff. ¶ 12; Graves Aff.

Significantly, the Plaintiff does not argue that the reasons identified by the Hearing Officer are insufficient to terminate a Section 8 voucher. Rather, the Plaintiff merely claims that she is entitled to a reasonable accommodation for her disability because her disability precluded her son from living with her full-time.[3] The Plaintiff, however, does not claim that her disability precluded her from understanding her obligations to report truthful information and a change in family composition. Indeed,

---

[3] Although the Plaintiff claims she presented evidence that her disability precluded her son from living with her, there is no such evidence in the record and the Plaintiff has failed to present any evidence to this Court.

9

the Plaintiff admits that she understood her obligations. Id. There is no relationship between the reasons the RHA terminated the voucher and the basis for the Plaintiff's need for a reasonable accommodation. A reasonable accommodation is only required if there is a nexus between the Plaintiff's disability and the requested accommodation. See e.g. Russell, 437 Mass. at 454. Even if she was entitled to such an accommodation, she has failed to offer any excuse for her misrepresentations and failure to disclose accurate information to the RHA. Simply put, a disability does not entitle a person to commit fraud. The RHA, therefore, was entitled to terminate the Plaintiff's voucher and had no obligation to provide her a reasonable accommodation for her disability as her disability did not cause her to commit fraud.

C.    **The Balance Of Equities Do Not Favor The Plaintiff.**

On the face of the plaintiff's own submissions to the Court, she is, if anything, a victim of her own failure or refusal to be forthright with the RHA regarding changes in her family composition. Thus, the Plaintiff seeks equitable relief in this Court with unclean hands.

By contrast, the defendants are attempting in good faith to administer a federal rent subsidy program under circumstances that dictate strictly construing the regulations. The federal government has reduced the funds available to housing authorities to administer their voucher programs and some local housing authorities have received as few as nine days notice that their funding would be substantially cut and as a result must reduce the number of housing vouchers. The RHA is currently "fully-leased" in connection with the section 8 program, and has received notification that it can expect its funding to be reduced in the near future. If forced to reimburse the Plaintiff's voucher it

10

will be at the RHA's own expense. The cost to the RHA of funding excessive vouchers out of its own budget, unreimbursed by HUD, is a drain on the public fiscally.

Where, as here, a section 8 tenant attempts to manipulate the system for her own benefit of remaining in a two-bedroom apartment by intentionally failing to report changes in her household composition, the balance of equities strongly favors the RHA. Accordingly, the Plaintiff's request for a preliminary injunction should be denied.

**D.     The Public Interest Mandates Denial Of The Preliminary Injunction.**

The reinstatement of the Plaintiff's section 8 housing voucher would result in added cost that the RHA and the taxpayers of the Commonwealth would be required directly to bear. Moreover, it is against the public interest to allow a voucher recipient to benefit from her intentional misrepresentations to the RHA. Rules and regulations are established to allow the efficient, effective and fair administration of the Section 8 program. Allowance of case by case exemptions from those rules and regulations would significantly disrupt the orderly administration of the program and encourage future violations by voucher recipients. Finally, reinstating the Plaintiff's voucher will likely result in the loss of a voucher to a qualified recipient who has not violated rules and regulations.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for a Preliminary Injunction should be DENIED.

Reading Housing Authority
By its attorneys,

/s/ John Egan
John Egan, BBO # 151670
Carrie J. Campion, BBO #656451
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6226

## CERTIFICATE OF SERVICE

I, Carrie J. Campion, hereby certify that I served a copy of the within Opposition to Plaintiff's Application for Preliminary Injunction on the Plaintiff's attorney by hand on this 13th day of May 2004.

/s/ Carrie Campion
Carrie J. Campion

12

ID # 393418v01/7204-104/ 05.13.2004