UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| READING HOUSING | ) |
| AUTHORITY, | ) |
| Defendant. | ) |

### AFFIDAVIT OF KATHLEEN ROLLI

I, Kathleen Rolli, hereby depose and say:

1. I am the Assistant Director of the Reading Housing Authority ("RHA"). I am over 18 years of age and I understand the meaning of an oath.

2. I am also the Federal Housing Choice Section 8 Program Coordinator.

3. I have worked at the RHA for four and one-half years and have been a housing administrator since 1984.

4. In November 2003, Doreen Scolastico, a recipient of a Section 8 housing voucher for a two-bedroom apartment and resident of the RHA, signed a Continued Occupancy Form stating that her minor son, David, resides with her. The Continued Occupancy Form is attached hereto as Exhibit A. Ms. Scolastico also signed in November 2003 a Family Obligations and Tenant Certifications form stating that she understood that she must report all persons residing in her unit and notify the RHA in writing within 7 days of any family composition changes, even temporary changes. See Exhibit B.

ID # 393759v01/7204-104/ 05.13.2004

5. In December 2003, the RHA discovered that Ms. Scolastico's parents had been given custody of David and that he no longer resided with her at least 50 percent of the time. In addition, the RHA discovered that an unauthorized third party was residing in her apartment. See Exhibit C.

6. On January 21, 2004, I sent Ms. Scolastico a letter, attached hereto as Exhibit D, stating that effective February 29, 2004 the RHA intended to terminate her participation in the housing choice voucher program because she failed to provide true and complete information about her family composition and allowed two unauthorized third parties to reside in her apartment. The letter informed her of her right to a hearing.

7. On February 2, 2004, Lyn E. Whyte from the RHA informed Ms. Scolastico that her hearing on the termination of her voucher was scheduled for February 13, 2004. See Exhibit E.

8. I was in attendance at the administrative hearing regarding the termination of Doreen Scolastico's Section 8 voucher on February 13, 2004. There was no recording, electronic or otherwise of the proceeding. As a result, I will provide information regarding the content of the hearing to the best of my memory and ability.

9. At the hearing, Doreen Scolastico was presented with several documents including a copy of her "continued occupancy form" dated November, 2003, a photocopy of Middlesex court records reflecting a custody change of her son, David Scolastico, (attached as Exhibit F) and a verification form from David Scolastico's school indicating his current address as being different that Ms. Scolastico (attached as Exhibit G). Ms. Scolastico did not dispute the genuineness of these documents.

10. Joanne Graves was the hearing officer presiding over the administrative hearing.

ID # 393759v01/7204-104/ 05.13.2004

11.   This hearing was held pursuant to the Reading Housing Authority's informal hearing procedures.

12.   During the hearing, Ms. Scolastico made several admissions including the following:

    a.   Ms. Scolastico indicated that she knew she was required to report her son's change in custody status and chose not to report such change.

    b.   Ms. Scolastico admitted that she understood she had to report a change in her household composition within seven days of the change and that her son temporarily not living with her constituted a change in household composition.

    c.   She admitted that her son was living with her less than 50% of the time.

    d.   Ms. Scolastico never stated that her son was not living with her because of a disability; rather, she stated that they were not getting along.

13.   Ms. Scolastico presented the hearing officer, Joanne Graves with a letter from a social worker indicating that if she was evicted, it would have a negative effect on her emotionally. Ms. Graves explained to Ms. Scolastico that she was not being evicted, rather, this was a hearing regarding a termination of her Section 8 housing voucher. Ms. Scolastico never asserted at the hearing (or before) that she needed a reasonable accommodation.

14.   Upon reading the note presented by Ms. Scolastico, Lyn E. Whyte, Executive Director of the Reading Housing Authority, told Ms. Scolastico that under usual circumstances, had she informed the Housing Authority of the household change, the Housing Authority would have issued her a one-bedroom housing voucher rather than her current two-bedroom housing voucher. In response to this, Ms. Scolastico indicated that she would never accept a one-bedroom voucher and that she "had to have a two-bedroom apartment."

ID # 393759v01/7204-104/ 05.13.2004

15. Ms. Scolastico also admitted that her boyfriend, Peter Kelly, had been living in the apartment but was no longer living in the apartment with her.

16. The RHA Hearing Officer issued her decision on February 20, 2004 affirming termination of Ms. Scolatico's voucher. The decision is attached hereto as Exhibit H. The Hearing Officer's decision was based on Ms. Scolastico's failure to comply with applicable regulations, attached hereto as Exhibit I.

Signed under the pains and penalties of perjury.

DATED: 5/13/04

Kathleen Rolli
Kathleen Rolli, Assistant Director of
the Reading Housing Authority

4

ID # 393759-v01/7204-104/ 05.13.2004