UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOREEN SCOLASTICO, )
       Plaintiff, )
 )
v. )    C.A. N. 04-10935 DPW
 )
READING HOUSING AUTHORITY, )
       Defendant, )

## AFFIDAVIT OF DOREEN SCOLASTICO

I, Doreen Scolastico, depose and state as follows:

1. I am an adult resident of the Commonwealth of Massachusetts and understand the meaning of an oath.

2. I have no memory of receiving a document from the Reading Housing Authority or from any other source stating that in order to be considered a resident, an individual must reside in an apartment more than 50% of the time. It is possible that at one point I received such a document; I simply do not recall having seen it or being aware of such a rule.

3. My disability and the medications I take to control it impair my memory significantly. I have great difficulty remembering names, directions, dates, and appointments and need to write everything down.

4. I recall that at the hearing at the Reading Housing Authority on February 13, 2004, Kathleen Rolli stated that she had information that David was in the custody of some other party. I stated that my parents had custody of David. I explained that this was because of my depression, which made it hard for me to take care of him. I explained that it was particularly hard when I was going through a change in medication, which happens often, and that I did not like him to see me in that state.

5. I also explained that this was only a temporary situation. David's room was still set up and he was coming back. I think I said that he was there on weekends and usually at least one other night during the week.

6. Ms. Rolli said that I was supposed to tell them about the change. I stated that I was afraid to mention it because I was afraid I would lose my housing. In the past, Ms. Rolli has made statements that made me fearful of losing my housing. For example, last November she accused me of underreporting my income, but when I provided bank statements and other financial records, the Housing Authority auditor found that I had

7. accurately reported my income. On another occasion, she made a comment about my new car, indicating that she did not believe I could afford it on my reported income.

7. Lyn White, the Executive Director, definitely did not tell me that I could have gotten a one-bedroom voucher if I had reported that David was not living in the apartment, and I did not state that I would not accept a one-bedroom apartment. I was terrified of losing my housing and would have gladly accepted a one-bedroom apartment.

8. I do not recall Joanne Graves or anyone else asking if I was requesting a reasonable accommodation. I did not understand what that term meant and would have said so if I had been asked. I did not state that I was not requesting a reasonable accommodation. In fact the reason I submitted my therapist's letter was because I was seeking consideration based on my disability.

9. I do not recall admitting that I falsified any documents or attempted to deceive the Housing Authority and I do not believe that I did so.

I affirm under penalties of perjury that the foregoing is true and accurate to the best of my knowledge and recollection.

Date: 5-14-04

Doreen A. Scolastico