UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

FILED
IN CLERKS OFFICE

2004 MAY 24  P 1:06

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DOREEN SCOLASTICO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| READING HOUSING | ) |
| AUTHORITY, | ) |
| Defendant. | ) |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OPPOSING THE PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION

Upon review of the Plaintiff's affidavit submitted in support of her Preliminary Injunction Application, it is clear that there no longer exists a question of fact. By the Plaintiff's own affidavit testimony, she establishes that she knew the change in her household composition was, at least, a temporary situation, that she knew she had to report the change and that she chose not to report the change because of her subjective concerns of losing her housing. It is now clear that as a matter of law, the Plaintiff failed to comply with the federal regulations of not reporting any change in her household composition, even temporary changes.

### Relevant Federal Regulations

24 C.F.R. 92.551 (h) requires that the unit must be the family's only residence. 24 C.F.R. 92.551(h) (3) requires that the family must promptly notify the Reading Housing Authority (RHA) if any family member no longer resides in the unit and 24 C.F.R. 92.551(h)(7) (i) reads that the family must promptly notify the RHA of absence from the unit. Ms. Scolastico, by way of her affidavit admits that at the at the time of her termination from the program, her son was in the custody of her parents. Doreen Scolastico Affidavit at ¶4. She further admits that she

ID # 394661v01/7204-104/ 05.24.2004

considered her son living with her parents to be a temporary situation. Doreen Scolastico Affidavit at ¶5. Pursuant to the federal regulations governing the program, as well as the Family Obligations in Tenant Certifications form (Family Obligations form) signed by the Plaintiff on November 17, 2003, the Plaintiff understood that she must supply information within seven days in writing of any family composition changes if anyone left the household *even temporarily* and any absences from the unit of any family members. (emphasis added).

Here, the law is well established. "One who signs a writing that is obviously a legal document is presumed to be fully aware of its terms, unless it can be proved that he was induced to sign it by fraud or undue influence." *Bruno v. Bruno*, 10 Mass. App. Ct. 918 (1980). Ms. Scolastico admits that her parents had custody of David and that this was a temporary situation. Affidavit of Doreen Scolastico at ¶ 4 and 5. Therefore, by Ms. Scolastico's own admission she admits that David left the household temporarily and according to the Family Obligations form she was required to report that change.

Further, the Plaintiff is not excused from reporting this change on the basis of any reasonable accommodation. By the Plaintiff's own affidavit she admits that she knew she needed to inform the RHA about the change but chose not to report the change because "I was afraid I would lose my housing." *Id.* at ¶6. Again, in ¶7 of her affidavit, the Plaintiff makes reference to "if I had reported that David was not living in the apartment." By Ms. Scolastico's own admission she admits that she understood that she needed to report that David was not living with her and for her personal reasons chose not to report the change[1]. Moreover, Ms.

---

[1] For the limited purpose of this brief the Defendant will take the facts as stated in the Plaintiff's affidavit as true in that she knew that the change in her son's residence was temporary. In fact, a permanent change in custody was voluntarily entered into by the Plaintiff and her parents on December 2, 2003 and endorsed by the Middlesex Family and Probate Court. Therefore, the Defendant believes that the Plaintiff certainly knew or should have known that the permanent custody order triggered a change in her household composition. However, for the limited purpose of the preliminary injunction hearing, the Defendant asserts that the Court need only consider the facts as stated in the

2

Scolastico's affidavit makes clear that she did not fail to report the temporary change in her household because of any limitations caused by a disability but rather by her own choice not to report the change in household.

On the basis of Ms. Scolastico's affidavit there no longer exists a factual dispute. Leaving the issue of whether or not the Plaintiff has actual notice of the Administrative Plan's 50% residency requirement, Ms. Scolastico admits in her affidavit that she knew the change in her son's living situation was a temporary change. She signed the Family Obligations form wherein she acknowledged that she had an obligation to notify the RHA in writing within 7 days if anyone left the household, even temporarily. Ms. Scolastico states that the reason she did not report this information is because she was afraid she might lose her housing. Whatever Ms. Scolastico's subjective fears were, they do not exempt her from her obligation to report household changes, even temporary ones.

Ms. Scolastico did not indicate in her affidavit nor in her verified complaint that her disability prevented her from reporting this information. Rather, it was her personal choice not to report this information. This is not disputed. Ms. Scolastico admits that she failed to notify the RHA of this temporary household change. Any reasonable accommodation that might have been available during the period of time when her son did not live with her was forever foreclosed to her when she did not live up to her Section 8 program obligations.

---

Plaintiff's affidavit to determine, as a matter of law, that the Plaintiff failed to meet her obligation in reporting the change, and therefore deny her application for a preliminary injunction.

3

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for a Preliminary Injunction should be DENIED.

                                                  Reading Housing Authority
                                                  By its attorneys,

                                                  /s/ Carrie Campion
                                                  John Egan, BBO # 151670
                                                  Carrie J. Campion, BBO #656451
                                                  Posternak Blankstein & Lund LLP
                                                  Prudential Tower
                                                  800 Boylston Street
                                                  Boston, MA  02199
                                                  (617) 973-6226

## CERTIFICATE OF SERVICE

I, Carrie J. Campion, hereby certify that I served a copy of the within Opposition to Plaintiff's Application for Preliminary Injunction on the Plaintiff's attorney via facsimile on this 24th day of May 2004.

                                                  /s/ Carrie Campion
                                                  Carrie J. Campion