UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOREEN SCOLASTICO,
        Plaintiff,

v.

READING HOUSING AUTHORITY,
        Defendant,

No. 04-10935 DPW

## PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDUE BURDEN DEFENSE

On May 24, 2004 the Court instructed Defendant to file an affidavit in support of its claim that issuing a one-bedroom Section 8 voucher to the Plaintiff would create an undue burden. Plaintiff's counsel has not yet received a copy of that affidavit but is submitting an anticipatory response because she will be in court tomorrow morning and would otherwise be unable to file a response until later in the day. Since Plaintiff's summary process trial is scheduled for this Thursday, May 27, time is of the essence.

At the hearing on Plaintiff's Motion for Preliminary Injunction, Defendant raised two objections to the preliminary equitable relief proposed by the Court. It first claimed that paying the subsidized portion of plaintiff's back rent would create an undue financial burden. There are several responses to that objection. First, Ms. Scolastico was able to borrow money to pay one month's rent, so that Defendant's liability would be limited to two month's rent at this point. The market rent for Plaintiff's unit is $1,245.00 and Ms. Scolastico paid about $220 per month of that rent. Thus, Defendant's liability is slightly over $2,000.00. Should Defendant ultimately prevail in this action, it has an adequate remedy at law to recover any funds it expends on back rent. Courts have routinely held that fiscal burdens on the government are not a sufficient basis

for denying injunctive relief. *See, Healey v. Commissioner of Public Welfare*, 414 Mass. 18, 605 N.E.2d 279, 285 (1992), *Lopez v. Heckler*, 713 F.2d 1432, 1436-37 (9th Cir. 1983).

Second, as stated in Court, Plaintiff may be able to borrow money to pay at least part of the back rent without assistance from Defendant. Although Plaintiff has requested an order that Defendant pay the arrearage as part of her equitable relief, there appears to be no legal requirement that Defendant pay the arrearage as a condition of providing her with a Section 8 voucher.

As its second objection, Defendant claims that providing an interim one-bedroom Section 8 voucher would be unduly burdensome because of the requirement that Plaintiff enter into a one-year lease, which would create problems if the case were decided in Defendant's favor within the year. There are several responses to that concern. First, the Court can condition its order on Plaintiff's agreement that she will voluntarily vacate the apartment within a reasonable period of time if the decision goes against her. See *Bronson v. Crestwood Lake Section 1 Holding Corp.*, 724 F. Supp. 148, 160 (S.D.N.Y. 1989) (denying motion to stay preliminary injunction ordering landlord to rent to Section 8 tenants based on tenants' agreement to leave voluntarily if the preliminary injunction were vacated). Second, the HUD regulations do not require a one-year lease in all instances. 24 C.F.R. § 982.309(2) allows a housing authority to approve a shorter initial lease term under certain circumstances. Third, if Plaintiff does not prevail on the merits of her case, Defendant can simply stop paying its portion of her rent, and give the Plaintiff the option of either finding a way to pay the full rent or locating other housing.

With regard to Defendant's argument that Plaintiff cannot afford her current apartment with a one-bedroom voucher, Plaintiff understands that she will be required to relocate to a one

2

bedroom apartment and has already made inquiry about the availability of one-bedroom apartments from her current landlord.

For all of the foregoing reasons, the Court should issue an order that Defendant provide Plaintiff with a one-bedroom housing subsidy and, unless it finds that doing so would create an undue financial burden, order the Defendant to pay the arrearage on Plaintiff's current apartment.

Respectfully submitted,
DOREEN SCOLASTICO

By her attorney,

_____
Jane K. Alper BBO# 016140
Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, MA 02108
617-723-8455 ext 135

Certificate of Service

I, Jane K. Alper, certify that on May 25, 2004 I served the foregoing pleading upon counsel for the Defendant by first class mail.

_____
Jane K. Alper