UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

DOREEN SCOLASTICO,            )
                Plaintiff,    )
                              )
v.                            )
                              )
READING HOUSING             )
AUTHORITY,                    )
                Defendant.    )

Defendant Reading Housing Authority ("RHA") hereby answers the Amended Verified Complaint ("Complaint") as follows:

## ANSWER

1. The RHA states that Paragraph 1 of the Complaint does not allege facts and therefore does not require a response.

2. The RHA denies the allegations contained in Paragraph 2 of the Complaint.

3. The RHA states that Paragraph 3 of the Complaint does not allege facts and therefore no response is required.

## JURISDICTION

4. The RHA states that Paragraph 4 of the Complaint does not allege facts and therefore no response is required.

5. The RHA states that Paragraph 5 of the Complaint does not alleged facts and therefore no response is required.

## PARTIES

6. The RHA denies Paragraph 6 of the Complaint.  The RHA admits that at the time the Complaint was filed Ms. Scolastico resided at 2221 Avalon Drive, Wilmington, MA but denies that her fifteen year old son David resided with her at that address.

7. The RHA admits Paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. The RHA denies the allegations contained in Paragraph 8 of the Complaint except admits that Ms. Scolastico receives Social Security disability and supplemental security income benefits.

9. The RHA admits that Ms. Scolastico and her son have received a Section 8 Housing Voucher administered by the RHA since approximately 1992.

10. The RHA states that Paragraph 10 of the Complaint does not allege facts and therefore no response is required.

11. The RHA admits Paragraph 11 of the Complaint.

12. The RHA lacks information sufficient to form a belief regarding the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint except admits that according to the Commonwealth of Massachusetts Probate and Family Court Department, Vera and Thomas Scolastico were awarded temporary guardianship of David Scolastico on November 25, 2002 continuing up to December 2, 2003 when they were awarded permanent custody of David Scolastico.

13. The RHA denies the allegations contained in the first sentence of Paragraph 13 of the Complaint.  The RHA lacks information sufficient to form a belief regarding the truth or accuracy of the second sentence of Paragraph 13 of the Complaint.

14. The RHA admits that in November 2003, Ms. Scolastico signed annual recertification documents pursuant to the Section 8 program and that in signing these documents she indicated that David was still residing in the apartment. The remainder of the allegations in Paragraph 14 of the Complaint are denied.

15. The RHA lacks information sufficient to form a belief regarding the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint.

16. The RHA admits that in January 2004 the RHA notified Ms. Scolastico by letter that her Section 8 voucher was terminated.

17. The RHA denies the allegations contained in Paragraph 17 of the Complaint except admits that an appeal hearing was held on February 13, 2004 and at that hearing Ms. Scolastico provided a letter from her treating physician. The RHA refers to the letter for its full terms and effects.

18. The RHA admits the allegations contained in Paragraph 18 of the Complaint.

19. The RHA admits the allegations contained in Paragraph 19 of the Complaint.

20. The RHA admits the allegations contained in the first sentence of Paragraph 20 of the Complaint. The RHA further admits that Ms. Scolastico's reported monthly income was $864.00, including her son David's income.

21. The RHA lacks knowledge sufficient to form a belief regarding the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint.

22. The RHA lacks knowledge sufficient to form a belief regarding the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint.

ID # 398690v01/7204-104/ 06.28.2004

## FIRST CLAIM FOR RELIEF; THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN DEFENDANT'S BURDEN OF PROOF

23. The RHA restates its responses contained in Paragraph 1-22 of the Complaint as if stated herein.

24. The RHA denies the allegations contained in Paragraph 24 of the Complaint except admits that the hearing officer determined that Ms. Scolastico had violated the terms of the Section 8 voucher program.

25. The RHA denies the allegations contained in Paragraph 25 of the Complaint.

26. The RHA denies the allegations contained in Paragraph 26 of the Complaint.

27. The RHA states that Paragraph 27 of the Complaint does not contain factual allegations and as a result no response is required.

## SECOND CLAIM FOR RELIEF; VIOLATION OF FEDERAL FAIR HOUSING LAW

28. The RHA restates its responses contained in Paragraphs 21 through 27 as if contained herein.

29. The RHA denies the allegations contained in Paragraph 29 of the Complaint.

30. The RHA denies the allegations contained in Paragraph 30 of the Complaint.

31. The RHA denies the allegations contained in Paragraph 31 of the Complaint.

## THIRD CLAIM FOR RELIEF; VIOLATION OF DUE PROCESS REQUIREMENTS OF 42 U.S.C. §1983.

32. The RHA restates its responses contained in Paragraph 1 through 31 of the Complaint.

33. The RHA denies the allegations contained in Paragraph 33 of the Complaint.

34. The RHA denies the allegations contained in Paragraph 34 of the Complaint.

35. The RHA denies the allegations contained in Paragraph 35 of the Complaint.

ID # 398690v01/7204-104/ 06.28.2004

WHEREFORE, Defendant Reading Housing Authority requests that this Court order the following relief:

     A.    Enter judgment in its favor and against the Plaintiff;

     B.    Dismiss Plaintiff's Verified Amended Complaint with prejudice and without costs;

     C.    Award reasonable attorneys' fees and costs to Defendant RHA; and

     D.    Order such other and further relief as is just.

## **DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff is barred from obtaining relief by virtue of her own acts of fraud.

3. The alleged acts or omissions of the Defendant was not the legal or proximate cause of the damages allegedly suffered by Plaintiffs.

4. If the Plaintiff was injured as a result of the acts or omissions of the Defendant, as alleged, which the Defendant denies, than any recovery of the Plaintiff must be reduced proportionately by the Plaintiff's proportional share of the cost, damages, or other fees sought, which are attributable to the actions, omissions and/or legal responsibilities of Plaintiffs.

5. The Plaintiff has failed and continues to fail to mitigate their damages and any recovery sought must be barred or reduced accordingly.

6. The cause of action contained in the Complaint are not the appropriate remedies for the injuries alleged.

**Defendant reserves the right to amend this Answer to assert such other and further defenses as may become apparent during the discovery of this action.**

                                      **READING HOUSING AUTHORITY**
                                      By its attorneys,

                                      /s/ Carrie J. Campion
                                      John Egan, BBO#151670
                                      Carrie Campion, BBO#656451
                                      Posternak, Blankstein & Lund, LLP
                                      800 Boylston Street
                                      Boston, MA 02199
                                      (617) 973-6100

## CERTIFICATE OF SERVICE

    I, Carrie J. Campion, certify that I delivered by first class mail a copy of the within on June 29, 2004, to Jane K. Alper, Esq., Disability Law Center, 11 Beacon Street, Boston, MA 02108

                                           /s/ Carrie J. Campion_____
                                           Carrie J. Campion

ID # 398690v01/7204-104/ 06.28.2004