UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| READING HOUSING ) | |
| AUTHORITY, ) | |
|           Defendant. ) | |

**DEFENDANT READING HOUSING AUTHORITY'S**
**MOTION TO DISMISS**

The defendant, the Reading Housing Authority ["RHA"], moves the Court, pursuant to Fed. R. Civ. P. 37(d), for an order dismissing the plaintiff's Complaint for her failure to answer or otherwise respond to written discovery requests served upon her by the RHA. The basis for the within motion is as follows:

1) This is a housing discrimination case in which the plaintiff claims that the RHA failed to make a reasonable accommodation to her alleged disability when it terminated her federal section 8 housing assistance voucher. The action was first filed in the Middlesex County Superior Court, and removed to this Court by the RHA on or about May 11, 2004.

2) Contemporaneous with the commencement of the action, the plaintiff also moved for a preliminary injunction to enjoin the RHA from terminating her section 8 voucher. An evidentiary hearing on the plaintiff's motion was held before the Court (Woodlock, J.) on May 24, 2004, and on May 26, 2004, the motion was denied.

3) A Scheduling Conference was set down by the Court for September 21, 2004. Shortly before the Scheduling Conference, plaintiff's counsel, Jane Alper, moved to withdraw.

The Court (Gorton, J.) granted the motion to withdraw on October 5, 2004. The plaintiff has been *pro se* since then.

4) After the parties exchanged their Initial Disclosures under Rule 26 (a)(1) and (2), which Attorney Alper took care of before her formal withdrawal as plaintiff's counsel, the RHA served the plaintiff with a set of Interrogatories and a Request for Production of Documents. *See* copies of Interrogatories and Request for Production of Documents, both dated November 1, 2004, attached hereto as "A" and "B", respectively.

5) The plaintiff has failed to serve Answers or Responses to either of the RHA's two written discovery requests. On March 10, 2005, counsel for the RHA wrote to the plaintiff at her last known address in Andover, Massachusetts, inquiring as to the status of her overdue discovery responses. *See* copy of letter from John Egan to Doreen Scolastico, dated March 10, 2005, attached hereto as "C". The plaintiff has failed to respond to defense counsel's inquiry.

From all appearances, the plaintiff has abandoned her claim against the RHA. She has failed to retain new counsel, she has not initiated any discovery of her own against the RHA, she has failed to respond to discovery requests that were served on her over five months ago, and she has failed to respond to defense counsel's inquiry about the status of those discovery responses. The discovery deadline in this case passed on January 31, 2005. The case is therefore ready to be resolved on a dispositive motion.

WHEREFORE, the defendant Reading Housing Authority's Motion to Dismiss should be GRANTED.

                                       READING HOUSING AUTHORITY
                                       By its attorneys,

John Egan, BBO#151670
Posternak, Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6100

### CERTIFICATE OF SERVICE

I, John Egan, certify that I delivered by first class mail a copy of the within Motion to Dismiss on April 7, 2005 to Doreen Scolastico, 30B Colonial Drive, Unit 2, Andover, MA 01810

John Egan

3

ID # 427288v01/7204-104/ 04.06.2005

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| READING HOUSING ) | |
| AUTHORITY, ) | |
| Defendant. ) | |

### READING HOUSING AUTHORITY'S FIRST SET OF INTERROGATORIES TO DOREEN SCOLASTICO

Pursuant to Fed. R. Civ. P. 33, Defendant Reading Housing Authority, ("RHA"), hereby serves the Plaintiff Doreen Scolastico ("Scolastico") with this first set of interrogatories. The RHA requests that the plaintiff answer the following interrogatories fully completely and under the pains and penalties of perjury, within forty five (45) days and serve its responses upon John Egan at the Law Offices of Posternak Blankstein and Lund LLP, 800 Boylston Street, Boston, MA 02199-8004.

### DEFINITIONS

A. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any written, oral, electronic or other means.

B. "Person" means any natural person or any business, legal or governmental entity or association.

C. "Concerning" means summarizing, evidencing, demonstrating, constituting, reflecting, referring to, relating to, containing, studying, analyzing, considering, explaining,

ID # 410620v01/7204-104/ 11.01.2004

mentioning, showing, embodying, discussing, describing, depicting, illustrating, recording, commenting upon, or resulting from.

D. "Plaintiff" means Doreen Scolastico and any and all of Doreen Scolastico's agents, attorneys, representatives, or other entities or individuals acting or purporting to act on their behalf.

E. "Defendant" means Reading Housing Authority or any of Reading Housing Authority's successors, predecessors, affiliates, subsidiaries, divisions, agents, officers, directors, employees, and other persons or entities acting or purporting to act on its behalf.

F. The words "and" and "or" shall be both conjunctive and disjunctive, so that no requests shall be interpreted so as to exclude any information otherwise within the scope of the Interrogatory.

G. The term "Complaint" as used herein refers to the Complaint filed in this action by the Plaintiff against the Defendant on or around April 20, 2004.

H. "Document" is defined in the broadest possible sense and shall mean all written, printed, typed, transcribed, punched, filmed, photographed, taped or other graphic matter of every kind and description whatsoever, however produced or reproduced, from which information can be obtained, within the Plaintiff's possession or subject to the Plaintiff's control or right of control, and shall include all drafts and non-identical copies of documents, including without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, e-mail, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, audio tape, video tape, study, note, notation, working paper, summary, intra-office communication, diary, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading,

invoice, record or recording or summary of any telephone or other conversation, or of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter.

## INSTRUCTIONS

A. In answering these Interrogatories, the Plaintiff is to furnish all information available to him including information in the possession of his agents and, to the extent not privileged, his attorneys, and not merely information within his own personal knowledge.

B. If the Plaintiff cannot answer any of the following Interrogatories in full after exercising due diligence to secure the requested information, he is to so state and answer to the fullest extent possible, specifying and explaining his inability to answer the remainder and stating whatever information or knowledge she has concerning the unanswered portion.

C. As to any answers called for by these Interrogatories for which the Plaintiff claims a privilege or which the Plaintiff claims is otherwise outside of the proper scope of discovery, furnish all non-privileged information requested in the Interrogatory and state the grounds upon which the claim of privilege or refusal to answer rests.

D. When the identity of a person is requested, provide (i) his or her full name, (ii) his or her present or last known residential address and telephone number, (iii) his or her present or last known title, business affiliation and employment, and (iv) his or her present or last known business address and telephone number.

3

E. When the identity of a document is requested, provide (i) a description sufficient to identify that document for purposes of a request for production of documents or a subpoena duces tecum, (ii) a summary of the substance of the document, and (iii) the identity of the person(s) having possession, custody, or control thereof.

F. When information concerning a communication is requested, provide (i) a detailed description of the substance of each such communication, including the best recollection of each statement made and each response thereto, (ii) the manner in which each communication occurred, stating whether it was oral, written or demonstrative and if written, identify the document, (iii) the person(s) who initiated such communication, (iv) each person who was present for such communication, (v) the precise date and time of each such communication, (vi) the precise location of each such communication, and (vii) whether the Plaintiff has a tape recording or other record of such communication.

G. These interrogatories are continuing and, to the extent that the Plaintiff's Answers may be enlarged, diminished, or otherwise modified by information acquired by the Plaintiff or any other person on her behalf subsequent to the filing of her initial Answers, the Plaintiff is requested to serve promptly thereafter supplemental Answers reflecting such changes.

4

## **INTERROGATORY**

1) Please identify each person including their complete name, address and telephone number who prepared or assisted in preparing responses to these Interrogatories or accompanying Requests for Production of Documents.

2) Please identify and describe each fact upon which you rely in your belief that the Reading Housing Authority failed to take your disability into consideration during the appeal hearing from the revocation of your Section 8 Housing Voucher.

3) Please identify by complete name, address and business telephone number all treating physicians regarding your alleged disability for the past five years, including therapists.

**READING HOUSING AUTHORITY**
By its attorneys,

/s/ Carrie J. Campion
John Egan, BBO#151670
Carrie Campion, BBO#656451
Posternak, Blankstein & Lund, LLP
800 Boylston Street
Boston, MA 02199
(617) 973-6100

5

## CERTIFICATE OF SERVICE

I, Lisa Augliera, certify that I delivered by first class mail a copy of the within on November 1, 2004 to Doreen Scolastico, 30B Colonial Drive, Unit 2, Andover, MA 01810

*[signature]*
Lisa Augliera

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

DOREEN SCOLASTICO,            )
               Plaintiff,    )
                              )
v.                            )
                              )
READING HOUSING               )
AUTHORITY,                    )
               Defendant.   )

## READING HOUSING AUTHORITY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DOREEN SCOLASTICO

Pursuant to Fed. R. Civ. P. 33, Defendant Reading Housing Authority, ("RHA"), hereby requests that the Plaintiff Doreen Scolastico ("Scolastico") produce for inspection and copying the following documents and things within thirty (30) days of the date of service to Attorney John Egan at the Law Offices of Posternak Blankstein & Lund LLP, 800 Boylston Street, Boston, MA 02199-8004.

## DEFINITIONS

A. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any written, oral, electronic or other means.

B. "Person" means any natural person or any business, legal or governmental entity or association.

C. "Concerning" means summarizing, evidencing, demonstrating, constituting, reflecting, referring to, relating to, containing, studying, analyzing, considering, explaining,

ID # 398690v01/7204-104/ 11.01.2004

mentioning, showing, embodying, discussing, describing, depicting, illustrating, recording, commenting upon, or resulting from.

D. "Plaintiff" means Doreen Scolastico and any and all of Scolastico's agents, attorneys, representatives, or other entities or individuals acting or purporting to act on her behalf.

E. "Defendant" means the Reading Housing Authority and all of the Reading Housing Authority's successors, predecessors, affiliates, subsidiaries, divisions, agents, officers, directors, employees, and other persons or entities acting or purporting to act on its behalf.

F. The words "and" and "or" shall be both conjunctive and disjunctive, so that no requests shall be interpreted so as to exclude any information otherwise within the scope of the document request.

G. The term "Complaint" as used herein refers to the Complaint filed in this action by the Plaintiff against the Defendant on or around April 20, 2004.

H. "Document" is defined in the broadest possible sense and shall mean all written, printed, typed, transcribed, punched, filmed, photographed, taped or other graphic matter of every kind and description whatsoever, however produced or reproduced, from which information can be obtained, within the Plaintiff's possession or subject to the Plaintiff's control or right of control, and shall include all drafts and non-identical copies of documents, including without limitation, any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, e-mail, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, audio tape, video tape, study, note, notation, working paper, summary, intra-office communication, diary, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading,

ID # 398690v01/7204-104/ 11.01.2004

invoice, record or recording or summary of any telephone or other conversation, or of any interview or of any conference, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter.

## INSTRUCTIONS

A.   If any document was, but no longer is, in the possession or control of the Plaintiff(s), or no longer is in existence, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others, and if so, to whom; or (iv) otherwise disposed of. In each instance, identify the document or category of documents, explain the circumstances surrounding any authorization for such disposition, state the approximate date thereof, and identify the persons who are most knowledgeable bout this information.

B.   If the Plaintiff(s) objects to producing any requested document (or part thereof), or if Plaintiff claims that any requested document need not be produced on the grounds of attorney/client privilege or attorney work product:

>    (i)   identify each such document, furnishing the date, author's name and address, the names and addresses of all recipients of the document or any copy thereof, the subject matter of the document, and any additional information necessary to identify the document precisely; and
>
>    (ii)  indicate for each document the specific ground(s) or reason(s) for the objection or refusal to produce.

C.   These Document Requests are continuing and, to the extent that the responses and the documents produced by the Plaintiff in response hereto should be supplemented, enlarged, diminished, or otherwise modified by information or documents acquired by the Plaintiff(s) or

3

any other person on his behalf subsequent to the filing of his initial responses and the documents produced in response hereto, the Plaintiff(s) is requested to serve promptly thereafter supplemental responses and/or documents reflecting such changes.

## **REQUESTS**

1) Any and all documents you claim constitute evidence that the Reading Housing Authority's termination of your Section 8 Housing Voucher was not supported by substantial evidence, was arbitrary and capricious based on a proceeding that denied you due process of law and failed to consider mitigating measures relating to your disability as alleged in Paragraph 2 of the Complaint.

2) Any and all documents upon which you rely and/or claim which constitute evidence that you suffer from a disability as defined by the Fair Housing Act and HUD regulations.

3) Any and all documents on which you rely and/or which you claim constitute evidence that David Scolastico resided with you on weekends and one additional night every week as alleged in Paragraph 13 of the complaint.

4) Any and all documents upon which you rely and/or which you claim constitute evidence that you "always intended that [David] would return to live with [you] full time" as alleged in Paragraph 14 of the complaint.

5) Any and all documents upon which you rely and/or which you claim constitute evidence that the Reading Housing Authority failed to consider mitigating circumstances related to your disability as alleged in Paragraph 26 of the complaint.

ID # 398690v01/7204-104/ 11.01.2004

6) Any and all documents upon which you rely and/or which you claim constitute evidence that you have been injured by the Reading Housing Authority's actions as alleged in Paragraph 26 of the complaint.

**READING HOUSING AUTHORITY**
By its attorneys,


/s/ Carrie J. Campion
John Egan, BBO#151670
Carrie Campion, BBO#656451
Posternak, Blankstein & Lund, LLP
800 Boylston Street
Boston, MA 02199
(617) 973-6100

## CERTIFICATE OF SERVICE

I, Lisa Augliera, certify that I delivered by first class mail a copy of the within on November 1, 2004 to Doreen Scolastico, 30B Colonial Drive, Unit 2, Andover, MA 01810.

*Lisa Augliera*
Lisa Augliera

6

ID # 398690v01/7204-104/ 11.01.2004

# EXHIBIT "C"



**Posternak**
POSTERNAK BLANKSTEIN & LUND LLP

March 10, 2005

John Egan
617-973-6226
617-722-4920 FAX
jegan@pbl.com

Ms. Doreen Scolastico
30B Colonial Drive, Unit 2
Andover, MA 01810

Re: Scolastico v. Reading Housing Authority

Dear Ms. Scolastico:

On November 1, 2004, my office forwarded to your attention a set of Interrogatories and a Request for Production of Documents in the above matter. Your Answers and Responses were due in December, 2004. I have heard nothing from you with regard to either of these two discovery requests.

Would you please let me know when I might expect to receive your Answers to Interrogatories and your Responses to the Requests for Production of Documents. Under Federal Rule of Civil of Procedure 37(a)(2)(A), I am required to invite you to cure this deficiency before filing a motion with the Court either to compel you to provide me with the requested information or have the matter dismissed.

May I please hear from you at your very earliest convenience.

Very truly yours,

John Egan

JE:mtb

ID # 424305v01/7204-104

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.04-10935DPW

| | |
|---|---|
| DOREEN SCOLASTICO, )<br>           Plaintiff,   )<br>                              )<br>v.                           )<br>                              )<br>READING HOUSING   )<br>AUTHORITY,          )<br>           Defendant.  ) | |

### DEFENDANT READING HOUSING AUTHORITY'S
### RULE 37 (d) CERTIFICATION

I, John Egan, counsel for the defendant, the Reading Housing Authority, in the above matter, hereby certify as follows, in accordance with Fed. R. Civ. P. 37 (d):

This certification is filed in support of the Reading Housing Authority's Motion to Dismiss.

I served the *pro se* plaintiff with a set of Interrogatories and a Request for Production of Documents on or about November 1, 2004, at her last known address in Andover, Massachusetts.

On March 10, 2005, having not received any response to either of the two above-referenced written discovery requests, I wrote to the plaintiff, inquiring as to when I might expect to receive them. A copy of my letter to Ms. Scolastico, dated March 10, 2005, is attached to the Motion to Dismiss as "C". I have not heard anything from Ms. Scolastico in response.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS SEVENTH DAY OF APRIL, 2005.

_____
John Egan

ID # 427302v01/7204-104/ 04.06.2005